22445

CITY OF NEWBERRY, South Carolina, Appellant, v. The PUBLIC SER-
VICE COMMISSION OF SOUTH CAROLINA and Newberry Electric
Cooperative, Inc., Respondents.

(339 S. E. (2d) 124)

Supreme Court

*Robert T. Bockman* and *M. John Bowen, Jr.* of *McNair,
Glenn, Konduros, Corley, Singletary, Porter & Dibble,* Co-
lumbia, and *Eugene C. Griffith* of *Mays, Foster & Kittrell,*
Newberry, *for appellant.*

*Arthur G. Fusco* and *Sarena K. Dickerson,* of *South Caro-
lina Public Service Commission,* Columbia, *for respondent
Public Service Commission of South Carolina.*

*Thomas H. Pope, III* of *Pope & Hudgens,* Newberry and *C.
Pinckney Roberts,* Columbia, *for respondent Newberry Elec-
tric Cooperative, Inc.*

Heard Dec. 10, 1985.

Decided Jan. 14, 1986.

HARWELL, Justice:

This appeal challenges an order of the Respondent South Carolina Public Service Commission ("the Commission") which concluded that a provision in a portion of the "Home Rule Act," 1975 S. C. Acts 693, repealed the right of municipal electric systems to provide service to certain industrial premises. This right was previously granted by the "Territorial Assignment Act," 1969 S. C. Acts 740. The lower court dismissed the appeal and upheld the decision of the Commission. We affirm. The Commission's order, which was affirmed by the circuit court, correctly and succinctly sets forth the determination of this case. We adopt relevant portions of the Commission's order, as modified.

## FACTS

The essential facts in this action are not in dispute. On June 29, 1984, the appellant City of Newberry ("the City") filed a petition with the Commission. The City requested the issuance of a Certificate of Public Convenience and Necessity for authorization to provide electric service to Auto Plas, Inc. ("the Customer"), an industrial user with a demand for power in excess of 750 kilowatts (KW). The Customer is located beyond the City's municipal limits in an area previously assigned by the Commission to the Respondent Newberry Electric Cooperative, Inc. ("the Cooperative"). The City's electric service was requested in writing by the Customer. The City had been previously serving the Customer at a location within the municipal limits. The Cooperative duly intervened in the Commission's proceeding in opposition to the relief requested in the City's petition.

On November 9, 1984, after notice and hearing, the Commission issued its order denying the relief requested by the City on the grounds that S. C. Code Ann. § 5-7-60 (1976) had repealed by implication a specific provision authorizing the particular service at issue and precluded municipalities from providing electric service to any customer located in an area assigned by the Commission to an electric cooperative. The Commission's order then authorized the Cooperative to provide electric service to the Customer and directed the City to discontinue its service to the Customer. The City, after unsuccessfully petitioning the Commission for rehearing or reconsideration of its decision, instituted an action for

review. In affirming the Commission's decision, the circuit court held that the two statutory provisions were directly inconsistent and concluded that the later legislative expression, the Home Rule Act, should prevail.

## DISCUSSION

As the Commission stated, "The City takes the position that S. C. Code Ann. § 58-27-620(2) (1976) gives the City the right to serve the Customer at the new industrial park. This section states in pertinent part:

> Any electrical utility shall have the right to furnish electric service to any industrial premises initially requiring electric service after July 1, 1969, if requested in writing to provide such service and the connected load for initial full plant operation at such industrial premises is 750 kilowatts or larger, whether or not such industry is located wholly ... within an area assigned, pursuant to § 58-27-640 to an electric cooperative. ...
> S. C. Code Ann. § 58-27-620(2) (1976).

The critical issue in this case is whether S. C. Code Ann. § 5-7-60 (1976), enacted as a part of the Home Rule Act of 1975, lawfully precludes municipalities from serving electricity to a requesting consumer at an industrial facility expecting to operate with a load of 750 KW or greater located within territory previously assigned by this Commission to an electric cooperative without the cooperative's agreement. We find that it does.

Prior to the adoption of the Home Rule Act of 1975 an electrical utility, including a municipality such as the City of Newberry, was entitled, upon customer choice, to serve an industrial premises with a load of 750 KW or larger located in territory assigned by the Commission to an electric cooperative.

The Home Rule Act of 1975 completely rewrote the powers of municipalities in this State. S. C. Code Ann. § 5-7-60 (1976) contains provisions both granting and delimiting the exercise of corporate functions of municipalities outside their corporate limits. That section expressly provides, in relevant part:

> Any municipality may perform any of its functions, furnish any of its services, . . . and make charges therefor and may participate in the financing thereof in areas outside the corporate limits of such municipality by contract with any individual, corporation, state or political subdivision or agency thereof or with the United States Government or any agency thereof, subject always to the general law and Constitution of this State regarding such matters . . . , and in the case of electric service, except within a service area assigned by the Public Service Commission pursuant to Article 5 of Chapter 27 of Title 58. . . .
>
> S. C. Code § 5-7-60 (1976).

This very basic section of the Home Rule Act withdraws from municipalities, such as the City of Newberry, the corporate power to provide electric service in territory assigned to an electric supplier without that supplier's agreement. Such service would not only be unlawful, but *ultra vires.* The General Assembly did not give the Commission the power to waive statutory prohibitions against municipal action, nor could the Commission properly issue a Certificate of Public Convenience and Necessity which would purport to allow such unlawful service.

The case law of this State is clear that when there is a conflict between statutory provisions, the later enacted legislation prevails. "Where two legislative acts are repugnant to, or in conflict with, each other, the one last passed, *being the latest expression of the legislative will,* will, although it contains no repealing clause, govern, control, or prevail, so as to supersede and impliedly repeal the earlier act to the extent of the repugnancy." 82 C. J. S. *Statutes* § 291 (1953) (emphasis added). The South Carolina Supreme Court has stated it this way: "[T]he last act of the Legislature is the law." *Garey v. City of Myrtle Beach,* 263 S. C. 247, 209 S. E. (2d) 893 (1974), quoting from *Ward v. Cobb,* 204 S. C. 275, 28 S. E. (2d) 850 (1944), also citing *Home Building & Loan Association v. Spartanburg,* 185 S. C. 313, 194 S. E. 139 (1937). The same rule of statutory construction was followed in *South Carolina Electric & Gas Company v. South Carolina Public Service Authority,* 215 S. C. 193, 54 S. E. (2d) 777 (1949).

The most recent South Carolina case following the doctrine is *City of Myrtle Beach v. Richardson,* 280 S. C. 167, 311 S. E. (2d) 922 (1984), which dealt with the Home Rule Act of 1975. In that case the Supreme Court held that the Home Rule Act repealed by implication a grant of power to county governing bodies contained in a 1974 act. In the present case, we do not find that the Home Rule Act impliedly repealed S. C. Code Ann. § 58-27-620(2) (1976) in its entirety. Rather, the implied repealer applies only with respect to municipal service in territory assigned to an electric cooperative."

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.