### 23048

The CITY OF ROCK HILL, Appellant v. The PUBLIC SERVICE COMMIS-SION OF SOUTH CAROLINA and York Electric Cooperative, Inc., Respondents.

(382 S. E. (2d) 888)

Supreme Court

*James M. Brailsford, III,* of *Robinson, McFadden & Moore, P.A.,* Columbia; and *Emil W. Wald,* of *Spencer & Spencer, P.A.,* Rock Hill, *for appellant.*

*Melvin B. McKeown, Jr.,* of *Spratt, McKeown & Bradford,* York, *for respondent York Elec. Co-op, Inc.*

*Sarena D. Burch,* of *South Carolina Public Service Com'n,* Columbia, *for respondent The Public Service Com'n of South Carolina.*

Heard June 7, 1989.

Decided July 31, 1989.

CHANDLER, Justice:

City of Rock Hill (City) appeals Circuit Court affirmance of a Public Service Commission (PSC) Order prohibiting City from extending electric service to a site outside its corporate limits.

We reverse.

## FACTS

On August 1, 1986, Island Harbor Development Corporation (Customer) requested City to provide electric service to a condominium project approximately three miles from the city limits. The project, located in territory "unassigned" by PSC, is within 300 feet of lines belonging to York Electric Cooperative (Co-op) as they existed on July 1, 1969.

City accepted Customer's request, extending an existing line 1.7 miles through unassigned territory. This extension was financed by the sale of bonds pursuant to the Revenue Bond Act for Utilities, S. C. Code Ann. §§ 6-21-10 to 6-21-570 (1976) (Bond Act).

Co-op filed a Complaint with PSC alleging (1) City's failure to obtain the Certificate of Public Convenience and Necessity (Certificate) required by S. C. Code Ann. § 58-27-1230 (1976) and (2) Co-op's exclusive right to serve Customer under the Territorial Assignment Act. City answered, claiming exemption from the Certificate requirement. PSC held the Certificate necessary, and Circuit Court affirmed.

## ISSUES

1. Is City exempt from the Certificate requirement?
2. Does Co-op have the exclusive right to serve Customer?

## I. CITY'S EXEMPTION

City asserts that a Certificate is not required for an extension of electric lines financed under the Bond Act.

The Bond Act authorizes and regulates municipalities and other political subdivisions in the issuance of revenue bonds for the construction and maintenance of various public improvements, including electric systems. Section 6-21-400 of the Act reads:

> Rates charged for services furnished by any system, project or combined system purchased, constructed, improved, enlarged, extended or repaired under the provisions of this chapter shall not be subject to supervision or regulation by any State bureau, board, commission or other like instrumentality or agency of the State and *it*

*shall not be necessary for any borrower operating under the provisions of this chapter to obtain any franchise or other permit from any State bureau, board, commission or other instrumentality of the State in order to construct, improve, enlarge, extend or repair any system, project or combined system named in this chapter.* But the functions, powers and duties of the Department of Health and Environmental Control (DHEC) shall remain unaffected by this chapter. [Emphasis and parenthesis supplied.]

By its plain and unambiguous terms, the statute exempts a borrowing municipality from obtaining *any* State permit when extending its system through financing under the Bond Act. Co-op's contention that the exemption applies only to agency approval for issuance of securities and establishment of utility rates is without merit. Had the legislature intended such an interpretation, inclusion of the DHEC proviso would have been unnecessary. DHEC's regulatory powers extend to environmental concerns, not to rate-making and financial matters.

We hold that the Bond Act exempts City from obtaining the Certificate of Convenience and Necessity.

## II. CO-OP'S RIGHTS

Co-op contends that it has exclusive "corridor rights" to supply electric service to Customer since its lines are within 300 feet of the premises. *See* S. C. Code Ann. § 58-27-620(1)(b) & (c) (1976). Corridor rights, however, may be asserted only against "electrical suppliers" which, by definition, excludes municipalities. S. C. Code Ann. § 58-27-610(1) (1976).

Co-op argues that the corridor rights nevertheless apply to City by virtue of S. C. Code Ann. § 5-7-60 (1976) as construed in *City of Newberry v. Public Service Comm'n,* 287 S. C. 404, 339 S. E. (2d) 124 (1986). We disagree. *City of Newberry* restricts municipalities only within territory *assigned by PSC.* Here, it is admitted that Customer is located within *unassigned* territory.

## CONCLUSION

City is not required to obtain a Certificate nor is it prohibited by Co-op's corridor rights from extending electric service to Customer. Accordingly, the judgment is reversed.

Reversed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.