23480

CITY OF AIKEN, a political subdivision in the State of South Carolina, The South Carolina Municipal Association, and South Carolina Electric & Gas Company, Respondents v. AIKEN ELECTRIC COOPERATIVE, INC., Central Electric Power Cooperative, Inc., and The South Carolina Public Service Authority, Appellants.

(409 S.E. (2d) 403)

Supreme Court

*Thomas E. Huff,* of North Augusta, and *E. Crosby Lewis,* of *Lewis & Bruce, P.A.,* Columbia, *for appellant Aiken Elec. Co-op., Inc.*

*C. Pinckney Roberts,* Columbia, *for appellant Cent. Elec. Power Co-op., Inc.*

*Carolyn C. Matthews, Arthur L. Coleman* and *Dwight F. Drake,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for appellant South Carolina Public Service Authority.*

*James M. Holly,* of *Henderson & Salley,* Aiken, *for respondent City of Aiken.*

*James M. Brailsford, III,* of *Robinson, McFadden & Moore, P.C.,* Columbia, *for respondent South Carolina Mun. Ass'n.*

*Belton T. Zeigler,* of *Lewis, Babcock, Pleicones & Hawkins,* Columbia, and *John A. Martin,* of Winnsboro, *for respondent South Carolina Elec. & Gas Co.*

Heard May 6, 1991; Decided Sept. 23, 1991.

Rehearing Denied Oct. 22, 1991.

FINNEY, Justice:

This is an appeal from a circuit court order denying Appellant Aiken Electric Cooperative, Inc.'s (Aiken Electric) Motion to Dismiss and granting Respondent City of Aiken's (City) Motion for Summary Judgment. We affirm.

Portions of Aiken Electric's service area included territory newly annexed into the City, and it sought a franchise to serve new customers in these areas. The City denied the request and passed ordinances restricting the service area of Aiken Electric.

On February 14, 1990, Respondent South Carolina Electric & Gas (SCE&G) instituted an action before the Public Service Commission (PSC) seeking authorization to extend its lines to serve new customers within the annexed areas of the City.

On May 1, 1990, the City filed this action in circuit court for declaratory and injunctive relief. Appellants, Central Electric

Power Cooperative, Inc., and The South Carolina Public Service Authority, filed motions to intervene. Aiken Electric moved for dismissal, asserting that exclusive jurisdiction rested with the PSC. The City moved for summary judgment. The circuit judge denied the Motion to Dismiss, granted the Motions to Intervene and granted summary judgment in favor of the City.

Aiken Electric appealed, contending the PSC had exclusive jurisdiction over the issues raised before the circuit court. We disagree.

Article VIII, Section 15, of the South Carolina Constitution prohibits the General Assembly from enacting laws which grant the right to construct or operate upon the streets or property of a municipality without first obtaining the consent of such municipality.

This Court has affirmed the right of municipalities to authorize expansion of existing service or to provide alternative service. *See Berkeley Elec. Co-Op v. S.C. Public Service Comm'n*, 402 S.E. (2d) 674 (S.C. Sup. Ct. 1991) (citing *Blue Ridge Elec. Co-Op v. City of Seneca*, 297 S.C. 283, 376 S.E. (2d) 514 (1989)); *City of Abbeville v. Aiken Elec. Co-Op*, 287 S.C. 361, 338 S.E. (2d) 831 (1985). When service to a new area is not provided by the municipality, the municipally assigned supplier possesses exclusive rights. Our holding in *Berkeley* makes no distinction between a municipally owned supplier and a municipally franchised supplier. Hence, service by a franchised supplier is considered municipal service.

We find that the City was within its constitutional authority to designate an electric service supplier for new customers in the annexed area and to enact ordinances affecting other suppliers of electricity. S.C. Const. Art. VIII, § 15.

We conclude that this constitutional autonomy includes the City's right to choose its judicial forum when initiating a cause of action. Additionally, we do not find that the pendency of SCE&G's related but dissimilar action before the PSC precludes filing of this suit in circuit court.

For the foregoing reasons, this case is affirmed.

Affirmed.

HARWELL, C.J., CHANDLER and TOAL, JJ., and LUKE N. BROWN, JR., Acting Associate Justice, concur.