23507

SOUTH CAROLINA ELECTRIC & GAS COMPANY, Appellant v. BERKELEY ELECTRIC COOPERATIVE, INC., Electric Cooperatives of South Carolina, Citizen for Cooperative Power, South Carolina Public Service Authority, and South Carolina Public Service Commission, Respondents.

(411 S.E. (2d) 218)

Supreme Court

*Belton T. Zeigler*, of *Lewis, Babcock, Pleicones & Hawkins*, *James B. Richardson, Jr.* of *Svalina, Richardson & Smith*, Columbia, *for appellant.*

*John B. Williams* of *Williams and Landis*, Moncks Corner, *Thomas S. Tisdale, Jr.* and *Michael A. Molony* of *Young,*

*Clement, Rivers & Tisdale,* Charleston, *for respondent, Berkeley Elec. Co-op., Inc.*

*E. Crosby Lewis* of *Lewis Lide, Bruce & Potts, P.A., C. Pinckney Roberts* of *Cent. Elec. Co-op., Inc.,* Columbia, *for respondent, Elec. Cooperatives of S.C., Inc.*

*Robert E. Kneece* of *Kneece, Kneece & Brown,* Columbia, *for respondent, Citizens for Co-op. Power.*

*Marsha A. Ward* and *F. David Butler* of *S.C. Public Service Com'n,* Columbia, *for respondent, South Carolina Public Service Com'n.*

*Arthur L. Coleman* and *Dwight F. Drake* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent, South Carolina Public Service Authority.*

*Steven W. Hamm, Raymon E. Lark, Jr.* and *Carl F. McIntosh* of *S.C. Dept. of Consumer Affairs,* Columbia, *for amicus curiae, Consumer Advocate for the State of S.C.*

*James M. Brailsford, III* and *Frank R. Ellerbe, III* of *Robinson, McFadden & Noore, P.C.,* Columbia, *for amicus curiae, South Carolina Mun. Ass'n.*

Heard Oct. 9, 1991; Decided Nov. 12, 1991.

Rehearing Denied Dec. 16, 1991.

HARWELL, Justice:

Appellant South Carolina Electric & Gas Co., Inc. (SCE&G) appeals an order giving Respondent Berkeley Electric Cooperative, Inc. (Berkeley) an exclusive franchise to provide electric service to areas of Johns Island which were annexed to the City of Charleston (City), and requiring SCE&G to remove its electrical facilities from these areas. We reverse.

## I. FACTS

In 1988, the City annexed parts of Berkeley's assigned territory on Johns Island.[1] Thereafter, Berkeley went before Charleston City Council seeking a nonexclusive franchise al-

---

[1] These areas were assigned to Berkeley in 1973 by the Public Service Commission, pursuant to the Territorial Assignment Act of 1969, S.C. Code Ann. §§ 58-27-610-690 (1976 & Supp. 1990).

lowing it to serve alongside SCE&G in the newly annexed areas.[2] On April 4, 1989, the City granted Berkeley a nonexclusive franchise in the annexed areas on Johns Island. Berkeley then sought an order from the Public Service Commission (PSC) declaring that its franchise from the City was exclusive and requiring SCE&G to remove its lines and to refrain from providing electric service to the newly annexed areas. After a hearing, the PSC issued an order declaring that Berkeley's electric service rights in the annexed areas were exclusive and ordering SCE&G to dismantle its electric lines and facilities in the annexed areas. SCE&G appealed to the circuit court, which affirmed the PSC's order.

## II. DISCUSSION

The central issue in this case is whether a municipality has the right, under Article VIII, Section 15 of the South Carolina Constitution, to grant nonexclusive franchises to two electric suppliers in a newly annexed area. Article VIII, Section 15 of the South Carolina Constitution provides that "[n]o law shall be passed by the General Assembly granting the right to construct and operate in a public street or on public property [an] . . . electric plant . . . or to use the streets for any other such facility, without first obtaining the consent of the governing body of the municipality. . . ." SCE&G contends that the City has the right, under Article VIII, Section 15, to grant nonexclusive franchises to both Berkeley and SCE&G. We agree.

The controversy in this case stems from 1984 Act 431.[3] Act 431 provides that:

> The furnishing of electric service in any area which becomes a part of any municipality after the effective date of this section, either by annexation or incorporation, whether or not the area, or any portion of the area has been assigned pursuant to § 58-27-640, is subject to the provisions of §§ 58-27-1360 and 33-49-250, and any provisions of this article. No poles, wires, or other facilities of electric suppliers using the streets, alleys, or other public

---

[2] SCE&G had a nonexclusive franchise with the City which allowed it to serve the entire City and all areas annexed to the City.

[3] Act 431 was added to the Territorial Assignment Act in 1984. The above quoted portion is codified at S.C. Code Ann. § 58-27-670 (Supp. 1990).

ways within the corporate limits of a municipality may be constructed by an electric supplier unless the consent of the municipal governing body is first obtained. Annexation may not be construed to increase, decrease, or affect any other right or responsibility a municipality, rural electric cooperative, or electric utility may have with regard to supplying electric service in areas assigned by the Public Service Commission in accordance with Chapter 27 of Title 58.

We have previously discussed the effect of Act 431 on four occasions. *See City of Abbeville v. Aiken Elec. Co-op., Inc.,* 287 S.C. 361, 338 S.E. (2d) 831 (1985); *Blue Ridge Electric Co-op., Inc. v. City of Seneca,* 297 S.C. 283, 376 S.E. (2d) 514 (1989); *Berkeley Elec. Co-op., Inc. v. S.C. Public Service Commission,* — S.C. —, 402 S.E. (2d) 674 (1991); and *City of Aiken v. Aiken Elec. Co-op., Inc.,* — S.C. —, 409 S.E. (2d) 403 (1991).

Under these cases, it is clear that, once the portions of Johns Island were annexed, the City had the right to determine who would provide electric service to any new customers. The City granted its consent to serve the annexed areas to Berkeley, but it intentionally gave Berkeley only a nonexclusive franchise, as the City did not want to impinge upon SCE&G's franchise. Thus, the City chose to allow both suppliers to operate in the annexed areas and to let customers choose which supplier to use. We hold that under Art. VIII, Section 15 of the South Carolina Constitution, a municipality has the right to allow both the previously assigned supplier and the municipally-franchised supplier to serve the newly annexed area.

Accordingly, the order of the circuit court affirming the PSC's order and prohibiting SCE&G from providing service to customers in the annexed areas is

Reversed.

CHANDLER, FINNEY and TOAL, JJ., and Acting Associate Justice RANDALL T. BELL, concur.