18357

Francis L. PULLIAM, Appellant, v. John DOE, an unknown, Respondent

(142 S. E. (2d) 861)

*Messrs. Harvey, Harvey & Battey,* of Beaufort, *for Appellant,*

*Messrs. Thomas & Thomas,* of Beaufort, and *Hagood, Rivers & Young,* of Charleston, *for Respondent,*

June 9, 1965.

LEWIS, Justice.

This is an action to establish liability for damages sustained by the plaintiff in an automobile accident with a motorist whose identity is unknown, so as to entitle the plaintiff to recover under an uninsured motorist endorsement of his automobile liability insurance policy. There was no physical contact between his automobile and that of the unknown motorist against whom liability is sought to be established.

A 1963 amendment to the uninsured motorist provisions of the Motor Vehicle Safety Responsibility Act, enacted after the issuance of plaintiff's policy, denies recovery against a motorist whose identity is unknown unless there was physical contact between the insured's vehicle and that of the unknown motorist. The question to be decided concerns the effect of the 1963 amendment upon plaintiff's right to establish liability against the unknown motorist in this case, and arises on appeal by the plaintiff from an order of the lower court sustaining a demurrer to the complaint for failure to allege contact between the vehicles.

The facts are admitted for the purposes of the demurrer. The plaintiff sustained personal injuries and property damage in an automobile accident on September 28, 1963. His damages were caused when the driver of another automobile swerved into his lane of traffic causing plaintiff's vehicle to leave the highway and overturn in an effort to avoid a collision. There was no contact between the automobiles. The other vehicle did not stop and the identity of its driver or owner could not be ascertained. At the time of the accident, the plaintiff had in force a policy of automobile liability insurance issued to him on June 2, 1963, by Government Employees Insurance Company, which contained, as required by the Motor Vehicle Safety Responsibility Act of this State, an uninsured motorist endorsement undertaking to pay the insured, within specified limits, all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle.

The provisions respecting uninsured motorist coverage and the enforcement of liability thereunder, as codified in 1962, are found in Section 46-750.11 et seq. of the 1962 Code of Laws. These sections were amended by Act No. 312 of the 1963 Acts of the General Assembly (53 Stat. 526), and are now set forth, as amended, in Section 46-750.31 et seq. of the 1964 Supplement to the Code of Laws.

Since the owner or operator of the motor vehicle which caused plaintiff's damage is unknown, such vehicle, under the

terms of the statute, is deemed to be uninsured and liability, if any, for damages caused by it falls within the coverage afforded by the uninsured motorist endorsement to plaintiff's policy. Section 46-750.11 of the 1962 Code of Laws (now 46-750.31 of the 1964 Supplement to the Code).

In order to recover from his insurer, it was necessary that the plaintiff establish liability for his damages against the unknown motorist. Section 46-750.16 of the 1962 Code of Laws as amended (now Section 46-750.35 of the 1964 Supplement to the Code) provides a remedy for the enforcement of such liability by authorizing an action against the unknown motorist in the fictional name of "John Doe," with the right given to the insurance carrier to defend in such name. This action was brought under the foregoing section on January 14, 1964, by the plaintiff against John Doe to establish legal liability for his damages. Since there was no contact between his vehicle and that of the unknown motorist, the plaintiff's complaint contained no allegations to that effect. Upon the service of the complaint, a demurrer was interposed thereto by plaintiff's insurance carrier, Government Employees Insurance Company, defending in the name of John Doe, upon the ground that the complaint failed to state a cause of action in that there was no allegation of physical contact between the vehicles, and that such was required in order to establish liability under the 1963 amendment to the uninsured motorist provisions of the Motor Vehicle Safety Responsibility Act. The lower court sustained the demurrer to the complaint upon the ground that this amendment, although enacted subsequent to the issuance of plaintiff's policy, operated to bar the present action. The decision of the lower court was based upon the conclusion that the amendment affected only the remedy afforded under the uninsured motorist provisions of the statute, and that the plaintiff had no vested right therein. The amendment referred to was adopted by the General Assembly on June 14, 1963, 53 Stat. 526, and now appears as Section 47-750.34 of the 1964 Supplement of the Code of Laws. The amendment is as follows:

"If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, there shall be no right of action or recovery under the uninsured motorist provision, unless * * *

(2) The injury or damage was caused by physical contact with the unknown vehicle * * *."

Plaintiff's policy of insurance became effective on June 2, 1963, prior to the above amendment. When plaintiff's policy was issued, there was no statutory provision requiring physical contact between the insured's automobile and that of an unknown motorist in order to establish liability under the uninsured motorist provisions of the statute; and the policy contained no such condition.

The question then . is whether the subsequently adopted amendment to the statute can be properly applied so as to bar the right of plaintiff to establish liability under his policy of insurance against the unknown motorist. This necessarily involves a determination of the retrospective effect of the statute.

We do not think that the amendment can be given a retroactive effect so as to destroy the pre-existent right of plaintiff to maintain this action. It is well settled that, as a general rule, a statute will not be given a retrospective effect unless such is required by the express words of the statute or must necessarily be implied from the language used. *Johnson v. Baldwin,* 214 S. C. 545, 53 S. E. (2d) 785; *Schumacher v. Chapin,* 228 S. C. 77, 88 S. E. (2d) 874. The amendment became effective, by its terms, on June 14, 1963, and there is nothing in its provisions to indicate a legislative intent that it operate retroactively so as to apply to policies issued prior to its adoption.

However, the defendant takes the position, sustained by the lower court, that the amendment was remedial in character and that the Legislature could validly change the remedy as it affected a cause of action which subsequently arose. The accident in which plaintiff sustained injury occurred on

September 28, 1963, and the present action was instituted on January 14, 1964, both after the effective date of the amendment. The fact that the loss occurred and the action was instituted after the effective date of the statute is not, however, conclusive of the issue here. Assuming that the amendment was remedial in character and intended to apply to a cause of action which arose after its enactment, as contended by the defendant, it could not operate to destroy vested rights or the obligation of contracts which had accrued prior to its adoption.

While it is generally held that there is no vested right in any particular mode of procedure or remedy, 16 Am. Jur. (2d), Constitutional Law, Section 427, a statute which is only remedial in character cannot operate to disturb vested rights or impair the obligation of contracts protected by the contract provisions of the Constitution, *Johnson v. Baldwin, supra,* 214 S. C. 545, 53 S. E. (2d) 785. Therefore, the effect of the statute, even if remedial, upon the right of the plaintiff to maintain the present action must be determined by its operation upon the rights and obligations which had accrued to plaintiff under the contract of insurance previously issued.

It is well established that applicable statutes become a part of a contract of insurance upon issuance as effectually as if they had been written therein. *Laird v. Nationwide Ins. Co.,* 243 S. C. 388, 134 S. E. (2d) 206. And such statutes and laws, including those providing a means of enforcement, form a part of the obligation of the contract. 16 Am. Jur. (2d) 783, Section 437; *Federal Land Bank of Columbia v. Garrison,* 185 S. C. 255, 193 S. E. 308; *Warren Wallace & Co. v. Jones,* 9 S. C. 288.

It is therefore necessary to determine what the rights of the plaintiff were under his policy prior to the amendment of the statute. The requirements of the statute with respect to the uninsured motorist endorsement provided a new form of insurance coverage in this State. The statute required, among other provisions, that its protection be extended to cover

damages caused by a vehicle where the owner or operator is unknown and that such coverage could only be reached upon the establishment of legal liability against such unknown owner or operator. There was no prior remedy whereby a person injured by an unknown motorist could establish such liability. Therefore, in order to make this coverage effective, it was necessary for the Legislature to provide a remedy for its enforcement. This was done by providing for an action against the unknown motorist in the name of John Doe.

The policy issued to the plaintiff afforded the coverage required by the statute then in effect and, accordingly, provided protection against damages caused by an unknown motorist even though there was no contact between the vehicles. Since such protection was dependent upon the remedy provided by the statute for its enforcement, the remedy became a part of the obligation of the contract of insurance.

The amendment imposed a condition precedent to recovery (physical contact between the vehicle of the insured and that of the unknown motorist) which was not required before its passage and operated to restrict the coverage afforded the plaintiff under his policy. If permitted to operate retrospectively so as to bar the plaintiff from maintaining this action, the amendment would deprive the plaintiff of the right to enforce the coverage provided under his policy in violation of the provisions of the Constitution forbidding the enactment of any law impairing the obligation of a contract. Consequently,under any view of the matter, the statute here involved cannot operate to deprive the plaintiff of the right to maintain the present action. The lower court was accordingly in error in sustaining the demurrer to the complaint.

Reversed.

TAYLOR, C. J., MOSS and BUSSEY, JJ., and LIONEL K. LEGGE, Acting Associate Justice, concur.