William WARD, Appellant,

v.

**ALLSTATE INSURANCE COMPANY,**
Respondent.

No. 58532.

Supreme Court of Missouri,
En Banc.

Oct. 14, 1974.

Robert Frager, Kansas City, for appellant.

Morris, Foust, Moudy & Beckett, Walter F. Moudy, Russell D. Jacobson, Kansas City, for respondent.

DONNELLY, Chief Justice.

Appellant William Ward, an 18-year-old, by next friend, sought a declaratory judgment in the Circuit Court of Jackson County to determine Allstate Insurance Company's responsibility to Ward, and others similarly situated, under Missouri's "Uninsured Motorist Statute," § 379.203, RSMo 1969, V.A.M.S. The Circuit Court dismissed Ward's second amended petition and the Missouri Court of Appeals, Kansas City District, affirmed. The case was transferred here by order of this Court.

On July 21, 1968, Ward was driving his mother's 1962 Pontiac in a northerly direc-tion along Raytown Road in Kansas City, Missouri, when an unknown and unidentifiable driver, approaching in a southerly direction, crossed the median into the northbound lane directly in front of Ward, forcing him to swerve his automobile to avoid collision. Ward lost control of the vehicle, traveled across the southbound lane, and struck a utility pole, causing injury to Ward. There was no physical contact between Ward's vehicle and the unknown vehicle.

Ward was insured under his mother's policy with Allstate. This policy defines "uninsured automobile" as follows:

"(c)(1) an automobile with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law . . ., no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same either has denied coverage thereunder or is or becomes insolvent; or

"(2) a hit-and-run automobile as defined; . . . ."

The policy defines "hit-and-run automobile" as one which ". . . causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, . . . ."

The parties agree that this is a case of first impression in Missouri. In Hill v. Seaboard Fire & Marine Insurance Company, 374 S.W.2d 606, 609 (Mo.App.1963), the general rule applicable here was stated as follows:

"Plaintiff has the burden of proof and it was incumbent on her to prove (1) that the other motorist in the accident

was uninsured, (2) that the other motorist is legally liable to the insured, and (3) the amount of such liability."

The preliminary question presented is whether Allstate is responsible under the terms of the *policy*, and in particular that portion which provides coverage in situations where the "uninsured automobile" is a "hit-and-run automobile."· If the "uninsured automobile" is a "hit-and-run automobile," the policy of insurance relieves Ward of the burden of proving that the vehicle which caused his injuries was uninsured. In our opinion, the "hit-and-run" provision of the policy is of no benefit to Ward because it is expressly limited to situations where bodily injuries arise "out of *physical contact* of the . . . [uninsured vehicle] with the insured or with an automobile which the insured is occupying at the time of the accident . . . ." There was no such *physical contact* in this case.

The essential question presented is whether Allstate is responsible under the terms of the "Uninsured Motorist Statute," § 379.203, RSMo 1969. The pertinent provisions of § 379.203, supra, are as follows:

"No automobile liability insurance . . . shall be delivered . . . in this state . . . unless coverage is provided therein . . ., for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury. . . ."

■ It is well established in Missouri that "[E]xisting and valid statutory provisions enter into and form a part of all contracts of insurance to which they are pertinent and applicable as fully as if such provisions were written into them." 43 Am. Jur.2d, Insurance, § 289, p. 350. Dyche v. Bostian, 361 Mo. 122, 129, 233 S.W.2d 721, 724 (banc 1950); Homan v. Employers Reinsurance Corp., 345 Mo. 650, 136 S.W. 2d 289 (Mo.1939).

Cases from other jurisdictions construing uninsured motorist statutes similar to the Missouri statute generally fall into three classes. Those representing a restrictive interpretation are: Amidzich v. Charter Oak Fire Ins. Co., 44 Wis.2d 45, 170 N.W.2d 813, 817 (1969); Smith v. Allstate, 224 Tenn. 423, 456 S.W.2d 654 (1970); Ely v. State Farm Mutual Automobile Ins. Co., 268 N.E.2d 316, 319 (Ind. App.1971); and Citizens Mutual Ins. Co. v. Jenks, 37 Mich.App. 378, 194 N.W.2d 728 (1971). These cases hold that in the absence of physical contact, there can be no recovery either under the statute or under the insurance policy. There is no indication that these jurisdictions would allow recovery in a no-contact situation where the insured is otherwise capable of identifying the other vehicle and proving it is uninsured.

Cases representing a broad interpretation are: Brown v. Progressive Mutual Ins. Co., 249 So.2d 429 (Fla.1971), and Hartford Accident and Indemnity Co. v. Novak, 83 Wash.2d 576, 520 P.2d 1368 (1974). These cases adopt a "proximate causation" rationale which obviates the necessity of the insured proving the offending person was uninsured. These jurisdictions consider the unknown vehicle to be uninsured whenever the insured (plaintiff) is able to prove proximate causation. Any insurance policy which makes physical contact a condition precedent to recovery is held to be void as against public policy.

■ We feel a position which reflects a fair reading of the Missouri statute, and the reasoning in Hill v. Seaboard Fire & Marine Ins. Co., supra, is that, in the absence of physical contact, there can be no recovery under the "hit-and-run" *policy* provision; but that the insured (plaintiff) may recover because of the provisions of the Missouri *statute*, in the situation where the other vehicle is *known* and *identifiable*, even though there was no contact between the vehicles, if he can meet the burden of proof that the other vehicle is uninsured. See Raspall v. Beneficial Fire & Casualty

Ins. Co., 226 So.2d 465, 467 (Fla.App. 1969); and Collins v. New Orleans Public Service, Inc., 234 So.2d 270, 273 (La.App. 1970).

Appellant's citations to Pulliam v. Doe, 246 S.C. 106, 142 S.E.2d 861 (1965); Doe v. Brown, 203 Va. 508, 125 S.E.2d 159 (1962); Costa v. St. Paul Fire & Marine Ins. Co., 228 Cal.App.2d 651, 39 Cal.Rptr. 774, 775 (1964), and Inter-Insurance Exchange of Automobile Club of Southern California v. Lopez, 238 Cal.App.2d 441, 47 Cal.Rptr. 834 (1965) are not persuasive because they deal with dissimilar statutes or facts.

In this case, the insured Ward pleaded that he could not identify the unknown vehicle. We hold he cannot recover under the Missouri Statute, § 379.-203, or the insurance policy.

The judgment is affirmed.

All concur.