**Michael OPITZ and Doris Opitz, Plaintiffs-Appellants,**

v.

**Amy COLLANDT, Eugene Brown, Defendants,**

and

**Subscribers at the Automobile Club, etc., Defendant-Respondent.**

No. 41350.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 26, 1979.

Hullverson, Hullverson & Frank, Stephen H. Ringkamp, St. Louis, for plaintiffs-appellants.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, F. Douglas O'Leary, Henry L. Twigg, St. Louis, for defendant-respondent.

CRIST, Judge.

This case involves construction of an uninsured motorist provision of an insurance contract and its applicability to the facts at hand. The provision in issue is one which requires contact between the uninsured motorist's (in this case the unidentified "hit and run" driver's) vehicle and assured's vehicle. The trial court granted summary judgment in favor of defendants and plaintiffs appeal. We affirm.

Count IV of plaintiffs' second amended petition alleged that while defendants Brown and Collandt were approaching plaintiffs on Laclede Station Road in St. Louis County, an unidentified operator of

an unidentified automobile abruptly and negligently crossed in front of defendant Collandt's auto causing defendant Collandt to swerve and collide with defendant Brown's vehicle which, in turn, caused defendant Brown to cross the center-line and strike plaintiffs' auto head-on, with resultant injuries to plaintiff husband. Plaintiffs neither alleged nor proved that the unidentified auto made actual physical contact with any of the other three vehicles involved and, for purposes of this appeal, we assume it did not.

The specific issue this case presents is whether plaintiffs' uninsured motorist coverage is applicable to the negligence of an unidentified motorist whose automobile never made physical contact with plaintiffs' or any of the other vehicles involved in the accident. Counts I, II and III of plaintiffs' second amended petition are not the subject of this appeal and are still pending in Division 17 of the Circuit Court of St. Louis County. The trial court granted summary judgment as to Count IV and, in conformity with Rule 81.06, designated the order a separate judgment, final for purposes of appeal.

Plaintiffs were insured by defendant insurance company whose policy contains standard uninsured motorist coverage setting forth the "contact requirement" in the case of "hit and run" vehicles, to-wit:

Coverage 8—Uninsured Motorist (Damages for Bodily Injury). To pay all sums which the assured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", sustained by the assured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the assured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the assured or such representative and the exchange or, if they fail to agree, by arbitration.

\*    \*    \*    \*    \*    \*

"Uninsured automobile" includes a trailer of any type and means:

(a) an automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the insurer or surety writing the same denies coverage thereunder or is unable to make payment with respect to the legal liability of its assured within the limits specified herein because of its insolvency within two years after the date of such an accident or;

(b) a hit and run automobile;

\*    \*    \*    \*    \*    \*

"hit-and-run automobile" means an automobile which causes bodily injury to an assured arising out of physical contact of such automobile with the assured or with an automobile which the assured is occupying at the time of the accident, provided  .  .  .

Plaintiffs realize that *Ward v. Allstate Insurance Co.*, 514 S.W.2d 576 (Mo. banc 1974), would disallow recovery, in the face of such contractual language, when there has been no contact with the unidentified automobile. However, they propose that we transfer this case to our Supreme Court because it presents "a situation of injustice which desperately cries out for reexamination." Plaintiffs submit that the contact requirement is contrary to public policy and § 379.203 RSMo 1969. In *Ward*, (by which we are bound) the Supreme Court assumed the following posture:

We feel a position which reflects a fair reading of the Missouri statute  .  .  .

is that, in the absence of physical contact, there can be no recovery under the "hit and run" *policy* provision; but that the insured (plaintiff) may recover [under] the provisions of the Missouri *statute*, in the situation where the other vehicle is *known* and *identifiable*, even though there was no contact between the vehicles, if he can meet the burden of proof that the other vehicle is uninsured. (Emphasis the Court's.) *Id.* at 578.

Apprised of no persuasive reasoning which would compel a different result, we are obliged to follow the dictate of *Ward*, supra.

Summary judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.