24027

CAROLINA POWER & LIGHT COMPANY, Appellant v. CITY OF BENNETTSVILLE and Marlboro Electric Cooperative, Inc., Respondents.

(442 S.E. (2d) 177)

Supreme Court

*Harold W. Jacobs* and *Edwin H. Cooper, III,* both of *Nexsen, Pruet, Jacobs & Pollard,* Columbia; and *Harry R. Easterling, Sr.,* of *Goldberg & Easterling,* Bennettsville, *for appellant Carolina Power & Light Co.*

*E. Crosby Lewis* and *Raymon E. Lark, Jr.,* both of *Belser, Lewis, Rogers & Lark, P.A.,* Columbia; and *William A. Rogers,* Bennettsville, *for respondent Marlboro Elec. Co-op., Inc.*

*James M. Brailsford,* of *Robinson, McFadden & Moore, P.C.,* Columbia; and *Ralph L. Kelly,* Bennettsville, *for respondent City of Bennettsville.*

Heard Feb. 3, 1994.

Decided Mar. 7, 1994.

BRISTOW, Acting Associate Justice:

Carolina Power and Light, Inc. (Carolina) contends that the trial judge erred in ruling that the Rural Electric Cooperative Act, S.C. Code Ann. § 33-49-10 to -1330, does not prohibit Marlboro Electric Cooperative, Inc. (Marlboro) from selling electric power to the City of Bennettsville (Bennettsville). We disagree and affirm.

## I. *FACTS*

Bennettsville is a municipal corporation with a population of 9,345 that owns and operates its own electric utility. Since 1951, Bennettsville has purchased electricity at wholesale from Carolina, an investor-owned utility, and then distributed the electricity at a reduced voltage through its own transmission lines to retail customers within and without the Bennettsville corporate limits. The agreement pursuant to which Bennettsville purchases electricity from Carolina is terminable by written notice within six months of expiration of the current term.

Bennettsville has given written notice to Carolina that it will not renew their contract at the expiration of the current term on May 1, 1995. At that time, Bennettsville will begin to purchase electricity from Marlboro pursuant to a new supply contract. Under the new contract, Marlboro will deliver electricity to a substation owned by Bennettsville and located out-

side the Bennettsville corporate limits. Bennettsville's station will reduce the electricity to distribution voltage and then transmit the electricity along Bennettsville's power lines to retail customers.

Carolina commenced this action seeking a declaratory judgment that Marlboro is prohibited from selling electricity to Bennettsville. According to Carolina, the "ultimate consumption" of Marlboro's electricity will occur in Bennettsville, a non-rural area, in violation of the Rural Electric Cooperative Act's stated purpose of "supplying electric energy and promoting and extending the use thereof in rural areas."[1] *See* S.C. Code Ann. § 33-49-210 (1990). All parties moved for summary judgment and the trial judge ruled that Marlboro is not prohibited from supplying electricity to Bennettsville.

## II. *DISCUSSION*

Carolina contends that the trial judge erred in ruling that Marlboro's sale of electricity to Bennettsville is permitted by the Rural Electric Cooperative Act. We disagree.

S.C. Code Ann. § 33-49-250 (1990) provides:

> In addition to the powers conferred on all private corporations by § 33-3-102 a cooperative shall have power:
> (1) To generate, manufacture, purchase, acquire, accumulate and transmit electric energy and to distribute, sell, supply and dispose of electric energy in rural areas to its members, to governmental agencies and political subdivisions and to other persons. . . .

When statutory terms are clear and unambiguous, there is no room for construction and courts are required to apply them according to their literal meaning. *Citizens for Lee County, Inc. v. Lee County*, 308 S.C. 23, 416 S.E. (2d) 641 (1992). The clear and unambiguous language of section 33-49-250 allows rural electric cooperatives to sell electric energy to political subdivisions and other persons in rural areas without imposing geographical restrictions as to

---

[1] "Rural area" is defined in S.C. Code Ann. § 33-49-20(1) (1990) as:

[A]ny area not included within the boundaries of any incorporated or unincorporated city, town, village or borough having a population in excess of twenty-five hundred persons. . . .

where that electricity must be used. Accordingly, we reject Carolina's claim that the Rural Electric Cooperative Act requires the "ultimate consumption" of cooperative electricity to occur in a rural area. Finding that Marlboro's sale of electric energy to Bennettsville will occur in a rural area and, therefore, complies with the requirements of section 33-49-250, the order of the trial judge is

Affirmed.

FINNEY, Acting C.J., TOAL and MOORE, JJ., and WILLIAM T. HOWELL, Acting Associate Justice, concur.