24203

AMERICAN NATIONAL FIRE INSURANCE COMPANY, Respondent v. SMITH GRADING AND PAVING, INC.; David Wayne Hyatt and The South Carolina Department of Highways and Public Transportation, Defendants, of whom David Wayne Hyatt and The South Carolina Department of Highways and Public Transportation are, Appellants.

(454 S.E. (2d) 897)

Supreme Court

*Eleanor D. Washburn*, of *Barnwell, Whaley, Patterson & Helms*, Charleston, *for appellant South Carolina Dept. of Highways and Public Transp.*

*Michael A Stricker*, of *Solomon, Kahn Budman & Stricker*, Charleston, *for appellant David Wayne Hyatt.*

*Charlie Dorn Smith, Jr.*, Turbeville, *for defendant Smith Grading & Paving, Inc.*

*Saunders M. Bridges, Jr.*, of *Bridges, Orr, McEachin, Derrick & Ervin*, Florence, *for respondent.*

Heard Apr. 19, 1994.

Decided Feb. 27, 1995.

MOORE, Justice:

This is a declaratory judgment action to determine coverage under an insurance policy issued by respondent (Insurer). The trial judge found the policy was effectively cancelled before the claim arose and concluded coverage was properly denied. We affirm.

## FACTS

On August 1, 1985, Insurer issued to Smith Grading & Paving, Inc. (Smith) a general liability insurance policy for a one-year term. The policy provided that Insurer could cancel the policy without cause upon ten days notice. Pursuant to this provision, Insurer sent Smith a Notice of cancellation ef-

fective June 9, 1986, citing only "underwriting reasons" for the cancellation.

On July 14, 1986, Hyatt was injured while riding his motorcycle through a construction site worked by Smith who was a contractor for appellant Highway Department at the time. Hyatt sued Smith and Highway Department alleging negligence in the failure to place adequate warnings at the construction site. Insurer then commenced this action for declaratory judgment seeking to determine the issue of coverage under the policy issued to Smith. The trial judge ruled the policy was effectively canceled before the injury to Hyatt and therefore Insurer was not obligated to provide coverage.

## ISSUE

Is cancellation of the policy effective in light of S.C. Code Ann. § 38-75-730 (1989)?

## DISCUSSION

Section 38-75-730 became effective March 5, 1986.[1] It provides in pertinent part:

(a) No insurance policy or renewal thereof may be canceled by the insurer prior to the expiration of the term stated in the policy, except for one of the following reasons:

(1) nonpayment of premium;
(2) material misrepresentation of fact . . .;
(3) substantial change in the risk assumed . . .;
(4) substantial breaches of contractual duties, conditions or warranties; or
(5) loss of the insurer's reinsurance. . . .

The trial judge held application of this statute to the policy was unconstitutional under the Contract Clause and concluded cancellation of the policy was valid.

Appellants contend the trial judge erred in finding a Contract Clause violation because there is no substantial impairment in this case. We agree there is no Con-

---

[1] This statute was subsequently amended.

tract Clause violation.[2] We conclude, however, the statute in question does not apply to the policy in this case and therefore we affirm the cancellation of the policy.

Section 38-75-730 did not become effective until *after* issuance of the policy to Smith. A statute that becomes effective affective after the date of issuance of an insurance policy does not apply to that policy absent legislative intent that the statute be applied retroactively. *Pulliam v. Doe*, 246 S.C. 106 142 S.E. (2d) 861 (1965); *see also Mutual Aid Loan & Investment Co. v. Logan*, 55, S.C. 295, 33 S.E. 372 (1899) (statute does not apply to existing mortgage contract absent legislative intent to apply retroactively).

A statute is not to be applied retroactively unless that result is so clearly compelled as to leave no room for doubt. *South Carolina Nat'l Bank v. South Carolina Tax Comm'n*, 297 S.C. 279, 376 S.E. (2d) 512 (1989); *Hyder v. Jones*, 271 S.C. 85, 245 S.E. (2d) 123 (1978). The statute must contain express words evincing an intent that it be retroactive or words necessarily implying such an intent. *Pulliam v. Doe*, *supra*. The only exception to this rule is a statutory enactment that effects a change in remedy or procedure, *Jenkins v. Meares*, 302 S.C. 142, 394 S.E. (2d) 317 (1990); *Hyder v. Jones*, *supra*, which is not the case here. In this case, there is no evidence of legislative intent that § 38-75-730 be applied retroactively. Accordingly, we affirm the result reached in this case.

Affirmed.

CHANDLER, Acting C.J., FINNEY and TOAL, JJ., and CAROL CONNOR, Acting Associate Justice, concur.

---

[2] The first inquiry of any Contract Clause analysis is whether the state law has operated as a substantial impairment of a contractual relationship. *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 98 S.Ct. 2716, 57 L.Ed (2d) 727 (1978). It is a long-held axiom of Contract Clause analysis that there is no impairment where the statute affects only future contracts between private parties. *Ogden v. Saunders*, 25 U.S. (12 Wheat.) 213, 6 L.Ed. 606 (1827). A nonretroactive statute affecting private contracts is, by definition, a statute that affects only future contracts and does not violate the Contract Clause. *See, e.g., Pennsylvania Mortgage Bankers Assoc. v. Zimmerman*, 664 F. Supp. 186 (M.D.Pa. 1987); *Maryland State Teachers Assoc., Inc. v. Hughes*, 594 F. Supp. 1353 (D.Md. 1984). In light of our conclusion § 38-75-730 does not apply retroactively, we agree there is no Contract Clause violation.