24224

FOCUS ON BEAUFORT COUNTY, a Non-Incorporated Association Acting on Behalf of CERTAIN REGISTERED VOTERS OF BEAUFORT COUNTY, Appellant v. BEAUFORT COUNTY, A Political Subdivision of the State of South Carolina, Acting Through its legislative body, the COUNTY COUNCIL OF BEAUFORT COUNTY, Respondent.

(456 S.E. (2d) 910)

Supreme Court

---

*Thomas C. Davis,* of *Harvey & Battey, P.A.,* Beaufort; and *G. Stephen Parker* and *Joshua R. Kenyon, Southeastern Legal Foundation,* Atlanta, GA, *for appellant.*

*Ladson F. Howell* and *Robert W. Achurch, III,* of *Howell, Gibson & Hughes, PA.* Beaufort, *for respondent.*

*Robert E. Lyon, Jr.* and *Robert S. Croom,* Columbia, *for amicus S.C. Ass'n of Counties.*

Heard Dec. 5, 1995.

Decided Apr. 3, 1995.

TOAL, Justice:

Appellants appeal the circuit court's order which finds their proposed spending limitation ordinance unlawful. We affirm.

## FACTS

In 1991 Appellants circulated a petition to initiate a "Spending Limitation Ordinance" which would limit the rate of growth of Beaufort County spending to the rate of growth of county personal income. The proposed ordinance specifically states:

(A) . . . Spending in any fiscal year shall not exceed the spending limit set by this Ordinance. Spending is all appropriations of every kind authorized, approved, ratified or in any way subject to approval by County Council with the sole exceptions stated in section (C).[1]

(B) The spending limit is an amount equal to the spending limit in the previous fiscal year (the "base") increased by the percentage growth in county personal income. . . .

---

[1] The proposed ordinance specifically excludes certain services such as the school district and county hospital.

(I) This Ordinance shall be applicable to the fiscal year following the date of its adoption and every fiscal year thereafter. This Ordinance may not be revoked or amended except by vote of the electors of Beaufort County.

Once Appellants gathered the requisite number of signatures, they presented the proposed ordinance to Beaufort County Council. County Council refused to submit the proposed ordinance to the electors as required in S.C. Code Ann. § 4-9-1230 (1986).[2]

Appellants brought this action to compel County Council to place the proposed ordinance on the ballot. County Council answered alleging the proposed ordinance is unconstitutional, constitutes an appropriation of money or a levy of tax in violation of S.C. Code Ann. § 4-9-1210 (1986), and unlawfully restricts County Council from repealing the ordinance. The circuit court held the ordinance was unlawful, specifically finding that the proposed ordinance violates S.C. Const. art. X, § 7(b). This appeal followed.

## LAW/ANALYSIS

Appellants argue the proposed ordinance does not violate S.C. Const. art. X, § 7(b) We agree.

S.C. Const. art. X, § 7(b) provides in part:

Each political subdivision of the State as defined in Section 14 of this article . . . shall prepare and maintain annual budgets which provide for sufficient income to meet its estimated expenses for each year.

The proposed ordinance limits the amount of total expenses County Council can incur. Accordingly, the proposed ordinance merely limits the amount of estimated expenses. Therefore, the proposed ordinance does not affect County Council's

---

[2] Section 4-9-1230 states in part:

If the council shall fail to pass an ordinance proposed by initiative petition or shall pass it in a form substantially different from that set forth in the petition therefor or if the council shall fail to repeal an ordinance for which a petition for repeal has been presented, the adoption or repeal of the ordinance concerned shall be submitted to the electors not less than thirty days nor more than one year from the date the council takes its final vote thereon. . . . All county councils shall be bound by the results of any such referendum.

ability to *prepare and maintain* annual budgets which provide sufficient income to meet its estimated expenses. We find the proposed ordinance does not violate S.C. Const. art. X, § 7(b). Thus, we modify the lower court's order to the extent it holds to the contrary.

Appellants next contend the proposed ordinance does not violate section 4-9-1210 because it does not specifically appropriate money or authorize the levy of a tax. We disagree.

Section 4-9-1210 states:

[t]he qualified electors of any county may propose any ordinance, *except an ordinance appropriating money or authorizing the levy of taxes,* and adopt or reject such ordinance at the polls. (Emphasis added.)

In *Kiriakides v. United Artist Communications, Inc.,* 312 S.C. 271, 440 S.E. (2d) 364 (1994), we recently held

[a]ll rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute. However plain the ordinary meaning of the words used in a statute may be, the courts will reject that meaning when to accept it would lead to a result so plainly absurd that it could not possibly have been intended by the Legislature or would defeat the plain legislative intent. If possible, the court will construe the statute so as to escape the absurdity and carry the intention into effect. (Citations omitted.)

Section 4-9-1210 proscribes the electorate of a county from proposing an ordinance which appropriates money or authorizes the levy of taxes. Appellants argue section 4-9-1210 does not prohibit the electorate from introducing an ordinance which limits all county appropriations. Appellants' interpretation of section 4-9-1210 would lead to the absurd result of prohibiting the electorate from introducing an ordinance that limits a *specific county appropriation* but allowing the electorate to introduce an ordinance that limits *all county appropriations.*

Legislative enactments which exclude appropriation measures from the initiative procedure are intended to preserve County Council's general authority over the County's treasury and to preclude special interest groups from attempting to usurp that authority through the use of initiatives. *See Associated Indus. v. Secretary of the Commonwealth*, 413 Mass. 1, 5-6, 595 N.E. (2d) 282, 285 (1992). In limiting all county appropriations, the proposed ordinance clearly restricts County Council's authority over the treasury and, thus, defeats the plain legislative intent of section 4-9-1210. Accourdingly, we find the proposed ordinance violates section 4-9-1210.

Based on our holdings, we need not address Appellants' remaining argument. The order of the circuit court is

Affirmed as modified.

CHANDLER, C.J. and FINNEY, MOORE and WALLER, JJ., concur.