543 S.E.2d 560

**DUKE POWER COMPANY, Appellant,**

v.

**LAURENS ELECTRIC COOPERATIVE, INC., The City of Fountain Inn and Marty Seppala, Defendants.**

**Of whom Laurens Electric Cooperative, Inc., is,**

**Respondent.**

**No. 3273.**

Court of Appeals of South Carolina.

Heard Nov. 6, 2000
Filed Dec. 18, 2000.
Substituted and Refiled March 7, 2001.

James W. Logan, Jr., of Logan, Jolly & Smith, of Anderson, for appellant.

Wilburn Brewer, Jr., and Richard S. Dukes, Jr., both of Nexsen, Pruet, Jacobs & Pollard, of Columbia; and James E. Bryan, Jr., of Laurens, for respondent.

## ORDER DENYING PETITION FOR REHEARING

### PER CURIAM:

After careful consideration of the Petition for Rehearing, the Court is unable to discover any material fact or principle of law that has been either overlooked or disregarded and, hence, there is no basis for granting a rehearing. It is, therefore, ordered that the Petition for Rehearing be denied and the attached opinion substituted for the opinion filed on December 18, 2000.

### HEARN, Chief Justice:

Duke Power Company (Duke) appeals the grant of summary judgment to Laurens Electric Cooperative, Inc. (Laurens) in Duke's action to enjoin Laurens from serving customers in a newly annexed area of the city of Fountain Inn. Duke argues Laurens lacks the authority under the Rural Electric Cooperative Act [1] (Act) to serve these customers. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

Duke brought this action to enjoin Laurens, a rural electric cooperative (co-op), from providing power to a newly annexed area of Fountain Inn known as Country Gardens. Duke, Laurens, and Fountain Inn stipulated to the following facts: Fountain Inn is not a rural area under the Act because its population exceeds 2,500 people; Duke is the principal supplier of electricity to Fountain Inn in terms of both revenue and number of customers; neither Laurens nor Duke served any customers in Country Gardens at the time of annexation; and Fountain Inn adopted an ordinance following annexation granting Laurens an exclusive assignment to serve Country Gardens, part of which was previously assigned to Duke by the South Carolina Public Service Commission.[2]

---

1. S.C.Code Ann. §§ 33–49–10 to 1330 (1990 & Supp.1999).

2. Fountain Inn agreed to the stipulation of facts but did not participate further in the action and did not appear at the hearing.

Both Laurens and Duke moved for summary judgment. The trial court granted summary judgment to Laurens from which Duke appeals.

## STANDARD OF REVIEW

■ "When an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the trial court properly applied the law to those facts." *WDW Prop. v. City of Sumter,* 342 S.C. 6, 8, 535 S.E.2d 631, 632 (2000). In such cases, the appellate court is not required to defer to the trial court's legal conclusions. *J.K. Const., Inc. v. W. Carolina Reg'l Sewer Auth.,* 336 S.C. 162, 166, 519 S.E.2d 561, 563 (1999).

## DISCUSSION

Duke argues the circuit court erred in finding Laurens could lawfully initiate service in a nonrural area absent an applicable exception under section 33–49–250. We agree.

■ Rural electric cooperatives are creatures of statute and only have such authority as the legislature has given them. *See South Carolina Elec. & Gas Co. v. Pub. Serv. Comm'n,* 275 S.C. 487, 489, 272 S.E.2d 793, 794 (1980) (recognizing that regulatory bodies as creatures of statute hold only those powers expressly granted by the legislature). The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature. *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) (citing *Ray Bell Constr. Co. v. Sch. Dist. of Greenville County,* 331 S.C. 19, 501 S.E.2d 725 (1998)). If a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and courts must apply the statute according to its literal meaning. *Carolina Power & Light Co. v. City of Bennettsville,* 314 S.C. 137, 139, 442 S.E.2d 177, 179 (1994).

Laurens was created pursuant to the Act's provision granting co-ops the authority to supply energy to rural areas while promoting and extending the use of electricity across the state. S.C.Code Ann. § 33–49–210 (1990). Because Laurens is a co-op, this court must look to the Act to see if Laurens may lawfully initiate service to Country Gardens. "Under

S.C.Code Ann. § 33–49–250, a rural cooperative may provide service only in rural areas, i.e., those with a population under 2500." *Carolina Power & Light Co. v. Town of Pageland,* 321 S.C. 538, 542, 471 S.E.2d 137, 139 (1996). The Act defines a rural area as one "not included within the boundaries of any incorporated or unincorporated city, town, village or borough having a population in excess of twenty-five hundred persons...." S.C.Code Ann. § 33–49–20(1). By stipulation of the parties, Fountain Inn is no longer a rural area for purposes of the Act. Therefore, an exception must apply for Laurens to serve Country Gardens.

The Act provides two exceptions permitting a rural co-op to serve customers within a nonrural area, the annexation exception and the principal supplier exception. These exceptions provide:

> ... subject to the provisions of § 58–27–1360, the act of incorporating or annexing into a city or town an area in which the cooperative is serving shall constitute the consent of the governing body of such city or town for the cooperative to continue serving all premises then being served and to serve additional premises within such area until such time as the governing body of the city or town shall direct otherwise and such cooperative is empowered to serve, but it shall not extend service to any premises in any other part of such city or town unless the cooperative was the principal supplier of electricity in such city or town; provided, further, that the right of a cooperative to continue to serve in a city or town in which it was the principal supplier of electricity shall not be affected by the subsequent growth of such city or town beyond a population of two thousand five hundred persons....

S.C.Code Ann. § 33–49–250(1). Both exceptions prevent the ouster of co-ops from areas they have historically served due to population growth or annexation. *See City of Abbeville v. Aiken Elec. Coop., Inc.,* 287 S.C. 361, 369, 338 S.E.2d 831, 835 (1985). These exceptions contemplate the co-op's continued service in an area.

■ Both Duke and Laurens stipulated that Duke was the principal supplier of electricity to Fountain Inn. Therefore, the

principal supplier exception does not apply by the plain language of the statute.

 Laurens contends the annexation exception applies here. We disagree. In *Pageland*, the court held that a co-op may continue serving customers following annexation by a nonrural municipality even where the co-op is not the principal supplier of electricity for that municipality. 321 S.C. at 542–44, 471 S.E.2d at 139–40. The *Pageland* court found the intent of the legislature in adopting the annexation exception was to permit a co-op to continue serving existing customers once it lawfully entered the area. *See also Abbeville*, 287 S.C. at 369, 338 S.E.2d at 835. In *Pageland*, the co-op was allowed to continue serving the annexed area because it was lawfully serving the customers in question before the annexation. Here, this analysis mandates the conclusion that Laurens may not serve Country Gardens. This does not result in any ouster because Laurens was not serving the area before its annexation.

 Laurens's proposed interpretation of the Act would rob section 33–49–250 of any meaning and render it superfluous.[3] When construing a statute, we must presume the legislature did not intend a futile act. *TNS Mills, Inc. v. South Carolina Dep't of Revenue*, 331 S.C. 611, 620, 503 S.E.2d 471,

---

**3.** Because we agree with Duke that the issue in this case is whether Laurens may lawfully enter a nonrural area, we do not reach Laurens's contention that Fountain Inn has a constitutional right to choose an electric supplier. Were we to reach this issue, we would find the court addressed and rejected a similar contention in *Pageland*. There, Pageland contended the trial court's order was contrary to the holding in *Berkeley Electric Cooperative, Inc. v. South Carolina Public Service Commission*, 304 S.C. 15, 402 S.E.2d 674 (1991). In *Berkeley*, a co-op challenged the right of the city to designate a private power supplier in a newly annexed area. The court upheld the ordinance based on the municipality's constitutional right to designate its power supplier. Laurens, like Pageland, relies on *Berkeley* and S.C. Constitution, Article VIII, section 15 for the proposition that a municipality has an unlimited right to choose its electric provider. However, in *Berkeley* the rights of a co-op to provide that power were not discussed, and *Pageland* suggests the municipality's right is independent of the powers of a co-op. *Pageland*, 321 S.C. at 540, 471 S.E.2d at 138 (". . . notwithstanding the supplier may be prohibited from providing service by its status as a rural cooperative."). Further, a municipality may not enact measures inconsistent with the general laws of the state. S.C.Code Ann. § 5–7–30 (Supp.1999).

476 (1998). If rural co-ops may serve any area designated by a municipality, there is no need for section 33–49–250's exceptions. Accordingly, the circuit court's grant of summary judgment to Laurens is hereby reversed and remanded for the entry of an injunction consistent with this opinion.

**REVERSED AND REMANDED.**

ANDERSON and STILWELL, JJ., concur.