498 S.E.2d 883

Melvin BUSBY, Bobby Blake, Danny Green, Calvin Rankin, Anthony Simpson, Lee Evans, Ronnie Sullivan, David Capps, Jerry Latimer, Sherman Rider, Rodney T. Arnold, Charles Smith, Freddie Berry, Dale Wright, Eric Sullivan, Charles Lofton, and Timothy Passmore, Applicants,

Of whom Melvin Busby, Calvin Rankin, Lee Evans, Sherman W. Rider, Rodney T. Arnold, Charles Lofton are Petitioners,

v.

Michael MOORE, Director, South Carolina Department of Corrections, Respondent.

and

Timothy YOUNG, Norman Sherman, Ronald Jones, George Robinson, Phillip Clay, Brian Mack, Terry Collins, Claude Johnson, David F. King, Derrick Latimer, Mark Cunningham, David Case, Emmanuel Flemming, Clifton Scott, Danny Bailey, Irvin Wilson, Harold Blassingame, Andrew Lusk, George Phillips, James Allen Taylor, and Bobby Gresham, Applicants,

Of whom Norman Sherman, Ronald Jones, Phillip Clay, Terry Collins, David F. King, Irvin Wilson, Andrew Lusk, James Allen Taylor, and Bobby Gresham are Petitioners,

v.

Michael MOORE, Director, South Carolina Department of Corrections, Respondent.

and

Michael T. REIDEL, J.B. Hardee, Clary Dillard, Willie Workman, Vincent Brown, Dennis Sullivan, William Smith, Rene Hernandez, Dean B. Hawkins, Richard D. Kidd, John A. Hagood, and Michael Earl Wilson, Applicants,

Of whom Dean B. Hawkins and Richard D. Kidd are Petitioners,

v.

Michael MOORE, Director, South Carolina Department of Corrections, Respondent.

No. 24779.

Supreme Court of South Carolina.

Submitted Feb. 10, 1997.

Decided April 13, 1998.

Assistant Appellate Defender M. Anne Pearce, South Carolina Office of Appellate Defense, Columbia, for petitioners.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Deputy Attorney General Teresa N. Cosby, Columbia, for respondent.

PER CURIAM:

Applicants, all inmates in the custody of the South Carolina Department of Corrections, filed individual applications for post-conviction relief (PCR). Their cases were consolidated, and after a hearing, respondent's motion for summary judgment was granted. Petitioners now seek a writ of certiorari. We grant the writ, dispense with further briefing, and affirm.

Section 24–13–210(A) of the Code states:

A prisoner convicted of an offense against this State, . . ., and sentenced to the custody of the Department of Corrections . . ., whose record of conduct shows that he has faithfully observed all the rules of the institution where he is confined and has not been subjected to punishment for misbehavior, is entitled to a deduction from the term of his sentence beginning with the day on which the service of his sentence commences to run, computed at the rate of twenty days for each month served. When two or more consecutive sentences are to be served, the aggregate of the several sentences is the basis upon which the good conduct credit is computed.

S.C.Code Ann. § 24–13–210(A) (Supp.1996). Petitioners argue the language of this statute entitles them to have credit for good conduct calculated and applied at the beginning of their sentences. The PCR judge found petitioners misinterpreted the statute. We agree.

The Court's primary function in interpreting a statute is to ascertain the intent of the General Assembly. *State v. Baker*, 310 S.C. 510, 427 S.E.2d 670 (1993). A statute must receive a practical and reasonable interpretation consonant with the design of the legislature. *Id.* This Court will reject any interpretation that leads to an unreasonable result. *Car-*

*olina Power & Light Co. v. Pageland,* 321 S.C. 538, 471 S.E.2d 137 (1996).

■ The language of the statute shows the legislature did not intend for prisoners to get credit for good behavior at the outset of their sentences. The legislature's use of the past tense shows an intent to reward inmates only *after* they exhibit good behavior; a prisoner may benefit from this section if he or she "has faithfully observed all the rules" and "has not been subjected to punishment for misbehavior."

Furthermore, petitioner's interpretation of the statute leads to results that could not have been intended by the legislature. The calculation advanced by petitioners reduces the time prisoners serve to one-third of their sentences. Under the calculation advanced by the Department of Corrections, a perfectly behaved prisoner's sentence would be reduced by three-fifths. This result more closely reflects the legislature's intent to reward prisoners for good behavior, not give them a gift before they have behaved at all.

According to petitioners, the phrase "beginning with the day on which the service of [a] sentence commences to run" dictates the full amount of good conduct credit should be computed at the outset of the sentence. In their view, entitlement vests on the first day of the prison term, therefore the computation should be made at the outset of the prison term. The meaning of this phrase is unambiguous. It merely means prisoners do not have to serve any time before they are *eligible* to earn credit for good behavior; it does not mean prisoners do not have to serve time before they actually *earn* credit for good behavior.

■ Finally, petitioners argue the last sentence of this subsection supports their position that good time credits should be computed and awarded at the beginning of prison sentences. That sentence states, "When two or more consecutive sentences are to be served, the aggregate of the several sentences is the basis upon which the good conduct credit is computed." S.C.Code Ann. § 24–13–210(A) (Supp.1997). Petitioners argue this provision is logical only if good conduct credits are calculated at the outset of the prison term; the provision has no meaning if good conduct credit must be

earned month by month because the aggregate of sentences would be an irrelevant number.

█ This provision must be read together with the use of the past tense in the other parts of this subsection. Statutory conflicts should be harmonized to give both provisions effect in light of legislative intent. *Adoptive Parents v. Biological Parents,* 315 S.C. 535, 446 S.E.2d 404 (1994); *Neel v. Shealy,* 261 S.C. 266, 199 S.E.2d 542 (1973). In light of the legislature's use of the past tense and its intent to provide an incentive for good behavior, this sentence signifies that where consecutive sentences are involved, the credits for good behavior are available throughout the entire cumulative period of incarceration.

Petitioners' interpretation of the statute is flawed. Accordingly, the order of the post conviction relief judge is

**AFFIRMED.**