518 S.E.2d 624

Michael Ray McDONALD, Individually and as Personal Representative of the Estate of Amber McDonald, and Shannon Tice, Respondents,

v.

SOUTH CAROLINA FARM BUREAU INSURANCE COMPANY, Appellant.

No. 3010.

Court of Appeals of South Carolina.

Heard May 12, 1999.
Decided June 14, 1999.
Rehearing Denied Aug. 28, 1999.

Carey M. Ayer, of Nicholson, Davis, Frawley, Anderson & Ayer, of Lexington, for appellant.

Thomas H. Pope, III, of Pope & Hudgens, of Newberry, for respondents.

CURETON, Judge:

Michael Ray McDonald (McDonald), individually and as personal representative of the estate of Amber McDonald, and Sharon Tice brought a declaratory judgment action against South Carolina Farm Bureau Insurance Company (Farm Bureau) regarding the availability of underinsured motorist (UIM) coverage to McDonald. The trial court held Farm Bureau failed to make a meaningful offer of UIM coverage to McDonald as required by S.C.Code Ann. § 38–77–160 (Supp. 1998). The court reformed the policy to include UIM coverage in an amount equal to the liability limits. Farm Bureau appeals. We affirm.

## FACTS

Martha Wells originally owned a Mercury Tracer. In 1993, she submitted an application to Farm Bureau for automobile insurance on the Mercury with liability and uninsured motorist coverage limits of 25/50/25. On the application, Wells indicated she rejected UIM coverage. However, she also specified the limits of UIM coverage she desired as 25/50/25. The number for her policy was 0117550.

In 1996, Wells called Farm Bureau and informed an employee she had sold the Mercury to her son, McDonald, and wanted the insurance put in his name. At that time, McDonald had never been a named insured on any policy with Farm Bureau. The employee told her to have McDonald come to the office and pay a membership fee. Wells signed a change form to change the name on the policy from her own to McDonald's. McDonald paid the membership fee at the Farm Bureau office, but did not complete an application or sign any document indicating he had become a named insured. McDonald did not live with his mother at the time he purchased the Mercury.

After McDonald paid the membership fee, Farm Bureau issued a policy on the Mercury listing McDonald as the named insured. McDonald's policy was assigned the same number as his mother's policy on the Mercury, 0117550. In addition, the liability and uninsured motorist coverage was the same as it had been under Wells's policy. The policy did not provide for UIM coverage. Farm Bureau's agent admitted McDonald was never offered UIM coverage. According to the agent, his office just changes the name on the existing policy when a child purchases an automobile from a parent, so the child does not have to pay a new premium.

On June 30, 1996, McDonald was seriously injured when a car coming from the opposite direction crossed the center line and collided with the Mercury being driven by McDonald. His daughter, Amber McDonald, was killed in the accident. McDonald's other passenger, Sharon Tice, was also injured in the accident.

The at-fault driver's liability insurer paid McDonald and Tice $50,000, the limits of its policy. McDonald and Tice

reserved the right to bring any claims they may have for UIM coverage.

McDonald and Tice brought a declaratory judgment action against Farm Bureau regarding the availability of UIM coverage to McDonald. The trial court held Farm Bureau failed to make a meaningful offer of UIM coverage to McDonald as required by S.C.Code Ann. § 38–77–160 and reformed the policy to include UIM coverage in an amount equal to the liability limits.

### *LAW/ANALYSIS*

Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Strother v. Lexington County Recreation Comm'n,* 332 S.C. 54, 504 S.E.2d 117 (1998). Farm Bureau argues it was not required as a matter of law to make an offer of UIM coverage to McDonald because McDonald was not a "new applicant" pursuant to S.C.Code Ann. § 38–77–350 (Supp.1998). We disagree.

Automobile insurance carriers must offer "at the option of the insured, UIM coverage up to the limits of the insured liability coverage...." S.C.Code Ann. § 38–77–160. If the insurer fails to make a meaningful offer of UIM coverage to the insured, the policy will be reformed, by operation of law, to include UIM coverage up to the limits of liability insurance carried by the insured. *Butler v. Unisun,* 323 S.C. 402, 475 S.E.2d 758 (1996).

South Carolina Code Ann. § 38–77–350 specifies the form insurers must use when offering optional coverages, such as UIM coverage. Insurers must use this form for all "new applicants." S.C.Code Ann. § 38–77–350(A). If this form is properly completed by the "named insured," there is a presumption of the insured's informed coverage selection. S.C.Code Ann. § 38–77–350(B). Farm Bureau argues Section 38–77–350(A), which specifies the form a carrier must use for all "new applicants," conflicts with Section 38–77–160, which requires a carrier to offer UIM coverage to all "insureds." Relying on the fact that McDonald did not fill out an applica-

tion for insurance, Farm Bureau contends it did not have to offer McDonald UIM coverage because he was not a "new applicant."

This court's primary function in interpreting a statute is to ascertain the intent of the General Assembly. *Busby v. Moore,* 330 S.C. 201, 498 S.E.2d 883 (1998). A statute must receive a practical and reasonable interpretation consonant with the "design" of the legislature. *Id.* "Sections 38–77–160 and 38–77–350 cover the same subject matter, i.e., the offer of optional insurance coverages for automobiles, and, therefore, must be construed together and as explanatory of each other." *Osborne v. Allstate Ins. Co.,* 319 S.C. 479, 484, 462 S.E.2d 291, 294 (Ct.App.1995).

We see no inconsistency in the term "new applicant" in Section 38–77–350(A) and "insured" in Section 38–77–160. Clearly, the legislature intended for insurers to afford all named insured the opportunity to accept or reject UIM coverage. In using the term "new applicant," the legislature simply distinguished between those who had never had an opportunity to reject UIM coverage and others, such as insureds renewing policies, who previously had made informed decisions about UIM coverage.

McDonald had never been a named insured with Farm Bureau prior to the insurance on the Mercury. He had never been given the opportunity to accept or reject UIM coverage. Although McDonald did not fill out an application, he paid a membership fee to become a named insured of Farm Bureau. Regardless of the manner in which Farm Bureau processed McDonald's request for his own insurance policy, McDonald was a new named insured with the carrier, entitled to an offer of UIM coverage. Any other construction of the statute would defeat the legislature's intent that all named insured be offered UIM coverage.

■ Farm Bureau next argues it was not required to offer McDonald UIM coverage because the insurance policy merely substituted McDonald's name for Wells's as the named insured on the policy. We disagree.

Section 38–77–350(C) provides, "An automobile insurer is not required to make a new offer of coverage on any automobile insurance policy which renews, extends, changes, super-

sedes, or replaces an existing policy." S.C.Code Ann. § 38–77–350(C) (Supp.1998).[1] In *Ackerman v. Travelers Indem. Company*, 318 S.C. 137, 456 S.E.2d 408 (Ct.App.1995), the insurer argued it was not required to offer UIM coverage because the insured replaced existing policies issued by another carrier with the insurer's policy. We rejected that argument finding,

> If § 38–77–350(C) were interpreted to relieve [carrier] of the general requirement of offering [the insured] underinsured motorist coverage up to the liability limits of the policy, it would amount to an absolute repeal of § 38–77–160, which mandates that an automobile insurer offer underinsured motorist coverage up to the limits of the insured's liability coverage.

*Id.* at 142, 456 S.E.2d at 411. Where Section 38–77–350(C) states the insured is not required to make a "new" offer, it clearly envisions the circumstances where the insurer has already made an "old" offer. *Id.*

We find this reasoning applicable to the present case. Removing Wells from the policy and substituting McDonald as the named insured was not a mere policy change. It was the creation of a new insurance policy with a new named insured. Before McDonald became the named insured, he had never been given the opportunity to accept or reject UIM coverage. Therefore, an offer of UIM coverage to McDonald was required under Section 38–77–160.

Accordingly, we find the trial court did not err in reforming McDonald's policy to include UIM coverage.

**AFFIRMED.**

ANDERSON and STILWELL, JJ., concur.

---

1. The 1997 amendment to subsection (C) deleted the requirement that the first renewal notice for existing policies included the form provided in subsection (A). 1997 Act. No. 154 § 15, eff. March 1, 1999.