564 S.E.2d 358

**Eric A. SMITH, Appellant,**

v.

**SOUTH CAROLINA INSURANCE COMPANY, Respondent.**

No. 3492.

Court of Appeals of South Carolina.

Heard April 10, 2002.
Decided May 13, 2002.

---

**5.** We decide this case without oral argument pursuant to Rule 215, SCACR.

W. Lamar Flatt, of Best & Flatt, of Columbia, for appellant.

William P. Davis, of Baker, Ravenel & Bender, of Columbia, for respondent.

ANDERSON, J.

Appellant Eric A. Smith brought this declaratory judgment action seeking reformation of an insurance policy issued to Roosevelt Ladson, alleging the insurer failed to make a new offer of underinsured motorist ("UIM") coverage when a second vehicle was added to the policy. The Circuit Court denied the request for reformation, finding an insurer is not required to make a new offer of UIM coverage when an insured adds additional vehicles to an existing policy. We affirm.

## FACTS/PROCEDURAL BACKGROUND

This action arises out of an automobile accident in which Smith was injured while riding as a passenger in a Hyundai owned and driven by Ladson. Smith is seeking to reform Ladson's automobile insurance policy so as to include UIM coverage for the accident.

Ladson was covered under an automobile insurance policy issued by the respondent, South Carolina Insurance Company ("SCIC"). He initially obtained a one-year policy for coverage on a 1990 Geo Metro for the period May 7, 1999 to May 7, 2000. The policy liability limits were 15/30/10.[1] On the day of his application, Ladson signed a form declining UIM coverage. The parties have stipulated the form was approved by the South Carolina Department of Insurance for use in offering optional coverages (such as UIM), which insurers were re-

---

1. Bodily injury liability limits were $15,000 per person and $30,000 per accident, with a property damage liability limit of $10,000 per accident.

quired to offer under South Carolina law. On February 9, 2000, Ladson added a second vehicle to his policy, a 1994 Hyundai. It is undisputed that SCIC did not make a second offer of UIM coverage to Ladson when the Hyundai was added to the policy.

On February 17, 2000, Smith was injured while riding as a passenger in the Hyundai driven by Ladson. Smith settled his claim against Ladson for the policy's liability limit of $15,000 and executed a covenant allowing him to pursue any available UIM coverage.

Smith brought this declaratory judgment action against SCIC seeking reformation of the policy issued to Ladson so as to include UIM coverage because SCIC did not make a new offer of UIM coverage when Ladson added the Hyundai. Both parties moved for summary judgment.

The Circuit Court granted SCIC's motion for summary judgment and ruled SCIC was not required to make a new offer of UIM coverage when Ladson added the second vehicle to his policy, relying upon § 38–77–350(C) of the South Carolina Code. Smith appeals.

## *STANDARD OF REVIEW*

■ Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP; *see also Tupper v. Dorchester County,* 326 S.C. 318, 487 S.E.2d 187 (1997). In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the party opposing summary judgment. *Summer v. Carpenter,* 328 S.C. 36, 492 S.E.2d 55 (1997).

## *LAW/ANALYSIS*

In a question of first impression in South Carolina, Smith contends the Circuit Court erred in finding an insurer is not required to make a new offer of UIM coverage when an insured adds an additional vehicle to an existing automobile insurance policy. We disagree.

■ Section 38–77–160 states automobile insurance carriers "shall ... offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist." This statute mandates that "underinsured motorist coverage in any amount up to the insured's liability coverage *must* be offered to a policyholder." *Garris v. Cincinnati Ins. Co.*, 280 S.C. 149, 154, 311 S.E.2d 723, 726 (1984) (emphasis added).

Our Supreme Court has held that "it is clear from the language of the statute that the burden is on the insurer to effectively transmit the offer to the insured." *State Farm Mut. Auto. Ins. Co. v. Wannamaker*, 291 S.C. 518, 521, 354 S.E.2d 555, 556 (1987). In *Wannamaker*, the Court held "the statute mandates the insured to be provided with adequate information, and in such a manner, as to allow the insured to make an intelligent decision of whether to accept or reject coverage." *Id.* The Supreme Court expressly adopted a four-part test to determine whether an insurer has complied with its duty to offer the optional coverage:

(1) the insurer's notification process must be commercially reasonable, whether oral or in writing;

(2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms;

(3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and

(4) the insured must be told that optional coverages are available for an additional premium.

*Id.*

■ "If the insurer fails to comply with this duty, the policy will be reformed, by operation of law, to include UIM coverage up to the limits of liability insurance carried by the insured." *Rabb v. Catawba Ins. Co.*, 339 S.C. 228, 232, 528 S.E.2d 693, 694–95 (Ct.App.2000), *cert. denied.* Apparently in response to *Wannamaker*, the legislature enacted § 38–77–350 of the South Carolina Code. *Id.* at 232, 528 S.E.2d at 695.

This appeal involves an interpretation of subsection (C) of § 38–77–350, which provides as follows:

An automobile insurer is not required to make a new offer of coverage on any automobile insurance policy which renews, extends, changes, supersedes, or replaces an existing policy.

The Circuit Court found that a new UIM offer was not required and granted summary judgment to SCIC, noting "[s]ubsection (C) [of § 38–77–350] provides that the insurer need not make a new offer at renewal, provided that one such offer has been made in connection with an existing policy. There is no mention of making offers for each vehicle on the policy or making additional offers when vehicles are added to the policy."

The Circuit Court further noted the form on which Ladson was offered UIM coverage when he initially obtained his insurance policy contained the following notice:

You will not be presented with another copy of this Form by your insurance agent or your current insurance company when you extend, change, supersede, or replace your automobile liability insurance policy.

 "The cardinal rule of statutory construction is that we are to ascertain and effectuate the actual intent of the legislature." *Burns v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 520, 522, 377 S.E.2d 569, 570 (1989) (citations omitted). "[W]ords used therein must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand its operation." *Hitachi Data Sys. Corp. v. Leatherman*, 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992) (citations omitted). "The language must also be read in a sense which harmonizes with its subject matter and accords with its general purpose." *Id.* (citations omitted). This Court's primary function in interpreting a statute is to ascertain the intent of the General Assembly. A statute must receive a practical and reasonable interpretation consistent with the "design" of the legislature.

On appeal, Smith cites *McDonald v. South Carolina Farm Bureau Insurance Company*, 336 S.C. 120, 518 S.E.2d 624 (Ct.App.1999), in which we held that an insurer should have offered UIM coverage to McDonald when he bought his

mother's car and the insurer substituted his name for hers on the automobile insurance policy. We rejected the insurer's argument that, under § 38–77–350(C), it was not required to offer McDonald UIM coverage because the insurance policy merely substituted his name for his mother's as the named insured on the policy.

We find *McDonald* inapposite because in that case, McDonald had never been a named insured with Farm Bureau or was given the opportunity to accept or reject UIM coverage. When McDonald became the named insured on the policy, it altered the legal relationship of the parties. As we observed:

Where Section 38–77–350(C) states the insured is not required to make a "new" offer, it clearly envisions the circumstances where the insurer has already made an "old" offer.

We find this reasoning applicable to the present case. Removing [the mother] from the policy and substituting McDonald as the named insured was not a mere policy change. It was the creation of a new insurance policy with a new named insured. Before McDonald became the named insured, he had never been given the opportunity to accept or reject UIM coverage. Therefore, an offer of UIM coverage to McDonald was required under Section 38–77–160.

*Id.* at 125, 518 S.E.2d at 626 (citing *Ackerman v. Travelers Indem. Co.*, 318 S.C. 137, 456 S.E.2d 408 (Ct.App.1995)).

█ In this case, our legislature has not defined the circumstances constituting a "change" in coverage, but the plain language of section 38–77–350(C) leads us to the ineluctable conclusion that the addition of extra vehicles to an existing insurance policy does ***not*** require an additional offer of UIM coverage where the insurer has previously made a proper offer to the insured.

## Other Jurisdictions

We are aware of some divergence of opinion in other jurisdictions considering this issue. *Compare Makela v. State Farm Mut. Auto. Ins. Co.*, 147 Ill.App.3d 38, 100 Ill.Dec. 505, 497 N.E.2d 483 (1986) (holding, in a case involving a multiple-vehicle policy, that a new offer of uninsured motorist coverage was not required for the addition of a new vehicle, which was comparable to the renewal or supplementation of an existing

policy, events that did not trigger the statutory requirement of a new offer; the court's holding was based, in part, upon the principle that an insurance contract is personal to the insured because it insures the risk of loss to the insured and does not attach to specific vehicles); *Pierce v. Allstate Ins. Co.*, 316 Or. 31, 848 P.2d 1197, 1200–01 (1993) (en banc) (concluding that, although an insurer by statute must offer uninsured coverage when it initially issues a policy, it need not make another offer when an insured adds, deletes, or replaces vehicles, the court noting that "once an insured has been made aware that the coverage is available, an insurer is not obligated ... to inquire continuously whether the insured really meant to refuse") (quoting *White v. Safeco Ins. Co. of Am.*, 68 Or.App. 11, 680 P.2d 700 (1984)); *El–Habr v. Mountain States Mut. Cas. Co.*, 626 S.W.2d 171, 172 (Tex.Ct.App.1981) (holding an endorsement to an existing insurance policy which added a new vehicle "did not create a new contract of insurance, but was merged with and became a part of the original policy"), *with Withrow v. Pickard*, 905 P.2d 800 (Okla.1995) (noting the addition of a vehicle constitutes a new policy distinct from the original which requires that uninsured coverage be offered in conjunction with the new vehicle); *Allstate Ins. Co. v. Kaneshiro*, 93 Hawai'i 210, 998 P.2d 490 (2000) (concluding a new offer of optional UM/UIM coverage was required where a party was substituted for the named insured and a vehicle was added to the policy as they constituted material changes to the existing policy).

## *CONCLUSION*

We hold the addition of a new vehicle is a "change" to an existing policy as contemplated by § 38–77–350(C) and thus a new offer of UIM coverage is not mandated. We rule that an insurer is **not** required to make a new offer of UIM coverage when an insured adds an additional vehicle to an existing automobile insurance policy. Reformation of the insurance policy was not required in this case based on the plain language of § 38–77–350(C). Any limitation in the scope of the statute's application is a matter best left for the consideration of our legislature.

**AFFIRMED.**

CURETON, J., and THOMAS, Acting Judge, concur.