THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Calvin Bernard Hankins,
 #241248, Appellant,
 v.
 South Carolina
 Department of Corrections, Respondent.
 
 
 

Appeal From the Administrative Law Court
 John D. Geathers, Administrative Law
 Judge
Unpublished Opinion No. 2008-UP-679
Submitted November 1, 2008  Filed
 December 9, 2008    
AFFIRMED

 
 
 
 Calvin
 Hankins, pro se, for Appellant.
 Robert Wesley Jacobs, South Carolina Department of Corrections, of
 Columbia, for Respondent.
 
 
 

PER CURIAM:  In 1994, Calvin Bernard Hankins was convicted of
 voluntary manslaughter and sentenced to twenty-five years imprisonment. 
 Hankins appeals the calculation of his early release date, arguing the Administrative
 Law Court (ALC) erred in affirming the calculations of the South Carolina
 Department of Corrections (Department).  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.  
1.  As
 to the question whether the ALC erred in finding substantial evidence supported
 the Departments calculation of Hankins sentence:  S.C. Code Ann. § 24-13-210
 (2007) (providing a prisoner convicted of a parole-eligible offense may earn
 credit to be used toward early release in the amount of twenty days credit for
 each month served with good conduct; however, he may lose all or part of his
 earned credits for committing an offense or violating rules of the institution
 where he is incarcerated)[2];
 S.C. Code Ann. § 24-13-230 (2007) (enabling a prisoner to earn credit toward
 early release by participating in productive work or education programs while
 incarcerated); Busby v. Moore, 330 S.C. 201, 204, 498 S.E.2d 883, 884
 (1998) (holding earned credits may not be applied to a prisoners sentence
 until after they have been earned), overruled on other grounds by Al-Shabazz
 v. State, 338 S.C. 354, 527 S.E.2d 742 (2000).  
2.  As
 to whether the ALC erred in finding substantial evidence supported the
 Departments performance of its calculations in a routine and good-faith
 exercise of its administrative duties:  S.C. Dept of Corrections v.
 Mitchell, 377 S.C. 256, 259, 659 S.E.2d 233, 235 (Ct. App. 2008) (quoting Waters
 v. S.C. Land Res. Conservation Commn, 321 S.C. 219, 226, 467 S.E.2d 913,
 917 (1996)) (The burden is on appellants to prove convincingly that the
 agencys decision is unsupported by the evidence.).
3.  As
 to whether the Departments calculation of Hankins sentence infringes upon his
 Eighth and Fourteenth Amendment rights:  DuRant v. S.C. Dept of Health and
 Envtl. Control, 361 S.C. 416, 424, 604 S.E.2d 704, 709 (Ct. App. 2004)
 (holding constitutional issues not raised to and ruled on by a lower court are
 not preserved for appellate review); Dorman v. Dept of Health and Envtl.
 Control, 350 S.C. 159, 171, 565 S.E.2d 119, 126 (Ct. App. 2002) (holding although
 the ALC lacks jurisdiction to rule on a facial challenge to the constitutionality
 of a statute or regulation, the ALC can rule on whether the application of a
 law violates a partys constitutional rights).  
 AFFIRMED.
HEARN, C.J.,
 KONDUROS, J., and GOOLSBY, A.J. concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Hankins entered the Departments custody prior to the
 Legislatures enactment of a statute requiring a prisoner to serve a minimum of
 eighty-five percent of his sentence before becoming eligible for early
 release.  S.C. Code Ann. § 24-13-150 (2007).