# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Progressive Direct Insurance Company, Plaintiff,

v.

Bryan Reeves, Defendant.

Appellate Case No. 2018-001436

---

## CERTIFIED QUESTION

---

ON CERTIFICATION FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF SOUTH CAROLINA
Cameron McGowan Currie, United States District Court Judge

---

Opinion No. 27909
Heard May 8, 2019 – Filed July 24, 2019

---

## CERTIFIED QUESTION ANSWERED

---

J.R. Murphy and Megan Walker, both of Murphy &
Grantland, P.A., of Columbia, for Plaintiff.

William R. Padget and Carl D. Hiller, both of Finkel Law
Firm, LLC, of Columbia, for Defendant.

---

**JUSTICE KITTREDGE:** We are presented with a certified question from the
United States District Court for the District of South Carolina, asking this Court to
construe section 38-77-350(C) of the South Carolina Code (2015) and determine
whether, under the facts presented, an insurance company is required to make a

new offer of underinsured motorist (UIM) coverage when an additional named insured is added to an existing policy. The statute provides that an insurer is not required to make a new UIM coverage offer "on any automobile insurance policy which renews, extends, changes, supersedes, or replaces an existing policy." S.C. Code Ann. § 38-77-350(C). In 2012, Wayne Reeves acquired an insurance policy from Progressive Direct Insurance Company (Progressive) covering his motorcycle. When the policy was issued, Wayne declined optional UIM coverage. In 2015, Wayne's wife (Jennifer) and son (Bryan) were added to the policy as "drivers and household residents," because they also drove motorcycles. In 2017, Bryan sold his motorcycle and purchased another motorcycle, a 2016 Harley Davidson, which was added to the policy. At the time, Wayne had Bryan added as named insured to the policy. Progressive did not offer Bryan any optional coverages.

Later in 2017, Bryan was involved in an accident while driving his 2016 Harley Davidson. Bryan ultimately made a claim against Progressive to reform the policy to include UIM coverage based on Progressive's failure to offer him the optional coverage. Progressive contended that adding Bryan as a named insured was a change to an existing policy, and as a result, Progressive was not required to offer Bryan UIM coverage. Based on the undisputed facts, the parties filed cross motions for summary judgment, and the federal district court certified the following questions to us:

> Whether the addition of a named insured (Added Named Insured) to an existing insurance policy under which the Added Named Insured was previously a resident[-]relative insured is a "change" under [section 38-77-350(C) of the South Carolina Code] and, consequently, does not require an additional offer of optional coverages if an offer that satisfies [section 38-77-350(A) and (B) of the South Carolina Code] was previously made to the named insured who originally applied for the policy (Original Named Insured)?

> If the insurer was required but failed to make a separate offer of optional coverage to the Added Named Insured, whether reformation should be limited to vehicle(s) in which the Added Named Insured has an insurable interest?

For reasons we will explain below, we answer the first certified question: Yes, the addition of Bryan Reeves as a named insured was a change to the existing policy pursuant to section 38-77-350(C), and Progressive was not required to make an

additional offer of UIM coverage to Bryan. Having answered the first certified question "yes," we do not reach the second question.

## I.

In its certification order, the federal district court summarized the relevant facts as follows:

> The policy for which Bryan seeks reformation was initially issued to his father, Wayne . . . , in June 2012. The policy was renewed five times, remaining in effect through and including July 30, 2017, on which date Bryan was injured in the motorcycle accident for which he now seeks UIM coverage.

> The policy was issued based on completion and execution of an online policy application. The application and related UIM and uninsured motorist ("UM") coverage offer form ("Offer Form") were completed by Wayne or his wife, Jennifer . . . , acting as Wayne's express and implied agent. The Offer Form satisfied the requirements for an offer of optional UM and UIM coverages under [section] 38-77-350(A), and was completed indicating UIM coverage was declined.

> Initially, the only named insured was Wayne and the policy covered a single motorcycle owned by him. Jennifer and Bryan were added to the policy in February 2015 and listed as "drivers and household residents." [While Bryan was a resident-relative insured, he owned a 2007 Harley Davidson that was insured under the policy.]

> Bryan was designated a named insured in May 2017, because he [became] the owner of a 2016 Harley Davidson motorcycle ("2016 Harley") that was added as a covered vehicle at that time[, merely substituting the 2016 Harley for the 2007 Harley on the policy].[1] Progressive did not provide Bryan with on Offer Form compliant with [s]ection 38-77-350 or otherwise make an offer of optional UM or UIM coverage to Bryan when he became a named insured or at any other time.

---

[1] Although she also owned covered motorcycles at various times, Jennifer was apparently never made a named insured.

At the time of Bryan's accident on July 30, 2017, the policy covered three motorcycles, one of which was owned by Wayne, one by Jennifer, and one by Bryan. Bryan and Wayne were, at that time, both listed as named insureds, though Wayne remained the first named insured. Bryan was driving his 2016 Harley when the accident occurred and suffered injuries for which he seeks damages exceeding the liability limits of the other driver's motor vehicle insurance policy.

Order of Certification at 2–4 (some citations omitted); Stipulation of Facts at 2–3.

## II.

Automobile insurance carriers must offer, "at the option of the insured, [UIM] coverage up to the limits of the insured liability coverage." S.C. Code Ann. § 38-77-160 (2015). "If the insurer fails to . . . make a meaningful offer [of UIM coverage] to the insured, the policy will be reformed, by operation of law, to include UIM coverage up to the limits of liability insurance carried by the insured." *Butler v. Unisun Ins. Co.*, 323 S.C. 402, 405, 475 S.E.2d 758, 760 (1996). However, section 38-77-350(C)[2] provides: "An automobile insurer is not required to make a new offer of coverage on any automobile insurance policy which renews, extends, changes, supersedes, or replaces an existing policy." S.C. Code Ann. § 38-77-350(C).

From the plain language of section 38-77-350(C), it is clear an insurance company need not make a new offer of UIM coverage in the case of a "change" to an *existing policy*. We acknowledge that in the context of section 38-77-350(C), the word "change" is ambiguous. Clearly, not all "changes" are the same. The question then becomes at what point a "change" rises to a level that escapes the reach of section 38-77-350(C) and thus triggers a duty to reoffer UIM coverage. To properly discern legislative intent, it is essential that the word "change" (and other actions listed, such as "renews, extends, . . . supersedes, or replaces") be considered in the context of the phrase "an existing policy."

In this regard, we follow the framework that other states have utilized.

---

[2] Sections 38-77-160 and 38-77-350 deal with the same subject matter (the offer of optional insurance coverages for automobiles) and therefore must be construed together. *See Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 109, 536 S.E.2d 372, 375 (2000) ("[S]tatutes dealing with the same subject matter are *in pari materia* and must be construed together, if possible, to produce a single, harmonious result.").

Specifically, as other states have done in interpreting similar language in their own state statutes, we hold an insurance company must make a new offer of coverage when there has been a *material* change to the policy. *See, e.g.*, *Kerr v. State Farm Mut. Auto. Ins. Co.*, 434 So. 2d 970, 971 (Fla. Dist. Ct. App. 1983) ("[T]he test for whether a new rejection of UM coverage had to be obtained is whether the original policy has been changed in any material respect." (internal quotation marks omitted)); *Allstate Ins. Co. v. Kaneshiro*, 998 P.2d 490, 497 (Haw. 2000) ("[W]hen a material change is made to an existing policy, the resulting policy is not a 'renewal or replacement policy' and a new offer of UM/UIM coverage is required."); *Wilkinson v. La. Indem./Patterson Ins.*, 682 So. 2d 1296, 1300 (La. Ct. App. 1996) (finding husband's addition of wife as a named insured did not have the effect of altering coverage, and, thus was not a material change and no new offer of optional coverage was required).

Under the facts presented, we find that adding Bryan as an additional named insured was not a material change that would trigger the requirement to offer UIM coverage to Bryan. Stated differently, adding Bryan as an additional named insured was a change to an existing policy within the meaning of section 38-77-350(C).

Bryan's reliance on *McDonald v. South Carolina Farm Bureau Insurance. Co.*, 336 S.C. 120, 518 S.E.2d 624 (Ct. App. 1999), is misplaced. The specific question in *McDonald* was whether the safe harbor created by section 38-77-350(C) applied where the original named insured, who received a proper offer of UIM coverage, transferred her vehicle to her son, and requested that Farm Bureau put the policy in her son's name. *Id*. at 123–25, 518 S.E.2d 625–26. Because the mother sold the car to her son, the mother was no longer an insured. Farm Bureau argued that the substitution of the son for the mother as the named insured was a "change" falling within section 38-77-350(C). *Id*. The court of appeals rejected the insurer's position, explaining that "[r]emoving [the mother] from the policy and *substituting* [the son] as the named insured was not a mere policy change. It was the creation of a new insurance policy with a new named insured." *Id.* at 125, 518 S.E.2d at 626 (emphasis added).

Bryan nevertheless (and understandably) clings to the single sentence in *McDonald* that "the legislature intended for insurers to afford all named insured[s] the opportunity to accept or reject UIM coverage." *Id*. at 124, 518 S.E.2d at 626. Based on this one sentence, Bryan extrapolates a categorical rule that the addition of a named insured can never be a change within the meaning of section 38-77-350(C), a position we reject. *McDonald* involved more than adding an additional

insured; *McDonald* necessarily involved an entirely new policy, as the prior insured and policyholder was removed altogether as a result of the sale of the vehicle. *McDonald* represents the substitution of a new insured for the prior insured, which resulted in a material change—the creation of a new policy.

In the present case, no new policy was created. An existing policy that covered Bryan's motorcycle was changed to add Bryan as an additional named insured. Neither did the addition of Bryan as a named insured "supersede" or "replace" his father's policy—terms also contemplated by section 38-77-350(C) as not requiring an additional offer of UIM coverage. Rather, under the circumstances presented, the addition of Bryan as a named insured is properly characterized as a change to an existing policy within the meaning of section 38-77-350(C). Consequently, Progressive was not required to reoffer UIM coverage.

### III.

In sum, the only modifications made to the policy were substituting the 2007 Harley for the 2016 Harley[3] and reclassifying Bryan as a named insured, rather than a resident-relative insured. The coverage and policy limits did not change, for Bryan and his motorcycle were insured before and after the change. Therefore, we hold the addition of Bryan to his parents' policy was a change contemplated by section 38-77-350(C), and Progressive was not required to make an offer of UIM coverage to Bryan. We answer the first certified question "yes," and decline to answer the second question.

**CERTIFIED QUESTION ANSWERED.**

**BEATTY, C.J., HEARN and FEW, JJ., and Acting Justice Thomas E. Huff, concur.**

---

[3] *Smith v. S.C. Ins. Co.*, 350 S.C. 82, 89, 564 S.E.2d 358, 362 (Ct. App. 2002) ("We hold the addition of a new vehicle is a 'change' to an existing policy as contemplated by [section] 38-77-350(C) and thus a new offer of UIM coverage is not mandated.").