**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nicky Ted Phillips and Gloria E. Phillips, Appellants,

v.

American National Property and Casualty Company, Clyde McNeill Agency, and Clyde Edwin McNeill, individually and in his capacity as agent of American National Property and Casualty Company, Respondents.

Appellate Case No. 2018-001559

Appeal From Cherokee County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2021-UP-322
Submitted June 1, 2021 – Filed September 8, 2021

**AFFIRMED**

Michael Brooks Derrick, of Law Office of M. Brooks Derrick, LLC, of Simpsonville, and Thomas Bacot Pritchard, of Parker Nelson & Associates, of Charleston, both for Appellants.

Ross Buchanan Plyler, of Roe Cassidy Coates & Price, PA., of Greenville, for Respondent American National Property and Casualty Company, George Verner Hanna, IV, of Howser Newman & Besley, LLC, and Jeffrey Ian

Silverberg, both of Columbia, for Respondents Clyde
McNeill Agency and Clyde Edwin McNeill.

**PER CURIAM:** Nicky Ted Phillips and Gloria E. Phillips (the Phillipses) appeal the trial court's order granting summary judgment in favor of American National Property and Casualty Company (ANPAC), Clyde McNeill Agency (the Agency), and Clyde Edwin McNeill (McNeill), individually and in his capacity as agent of ANPAC (collectively, Respondents) on the Phillipses' causes of action concerning Respondents' failure to provide the Phillipses more underinsured motorist (UIM) coverage in their automobile policy. We affirm.

The Phillipses argue the trial court erred in granting Respondents' motion for summary judgment and determining that the Offer of Optional Additional Uninsured Motorist Coverage and Optional Underinsured Motorist Coverage form (the Form) complied with South Carolina statutory law. We disagree. *See Floyd v. Nationwide Mut. Ins. Co.*, 367 S.C. 253, 260, 626 S.E.2d 6, 10 (2005) ("The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the Legislature."); *id.* ("A statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers."); *id.* ("The central purpose of the UIM statute is to provide coverage when the injured party's damages exceed the liability limits of the at-fault motorist."); *id.* ("The UIM and [uninsured motorist (UM)] statutes are remedial in nature and enacted for the benefit of injured persons; therefore, they should be construed liberally to effect the purpose intended by the Legislature."); *Progressive Direct Ins. Co. v. Reeves*, 427 S.C. 291, 295, 831 S.E.2d 422, 424 (2019) ("Automobile insurance carriers must offer, 'at the option of the insured, [UIM] coverage up to the limits of the insured liability coverage.'" (alteration in original) (quoting S.C. Code Ann. § 38-77-160 (2015))); *Butler v. Unisun Ins. Co.*, 323 S.C. 402, 405, 475 S.E.2d 758, 760 (1996) ("If the insurer fails to comply with its statutory duty to make a meaningful offer to the insured, the policy will be reformed, by operation of law, to include UIM coverage up to the limits of liability insurance carried by the insured."); *Progressive Cas. Ins. Co. v. Leachman*, 362 S.C. 344, 351, 608 S.E.2d 569, 572 (2005) ("The goal . . . is to provide an insured with adequate information to make an intelligent decision on whether to accept or reject UIM coverage."); S.C. Code Ann. § 38-77-350(B) (2015) ("If this form is signed by the named insured, *after it has been completed by an insurance producer or a representative of the insurer*, it is conclusively presumed that there was an informed, knowing selection of coverage and neither the insurance company nor an insurance agent is liable to the named insured or another insured under the policy for the insured's failure to purchase optional coverage or higher limits." (emphasis

added)); S.C. Code Ann. § 38-77-350(D) (2015) ("Compliance with this section satisfies the insurer and agent's duty to explain and offer optional coverages and higher limits and no person, including, but not limited to, an insurer and insurance agent is liable in an action for damages on account of the selection or rejection made by the named insured."); *Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 165, 705 S.E.2d 432, 435 (2011) ("The insurer has the burden of establishing that the requirements have been met in order to take advantage of the presumption."); *id.* at 165-66, 705 S.E.2d at 435 (holding insurer could take advantage of the statutory presumption when the record contained evidence that that the completion and execution of the form complied with the statute, including the insured's signature on the acknowledgment under check marks similar to those the insured made on similar forms despite the absence of testimony about the checking of the boxes on the form).

Section 38-77-350(B) requires the insurer to complete the Form before the insured signs it. If the Form were not completed before Mr. Phillips signed it, Respondents would not be entitled to the presumption that a meaningful offer had been made. However, we hold the record does not contain a scintilla of evidence to support the Phillipses' argument that the execution of the Form did not comply with section 38-77-350(B). *See Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); Rule 56(c), SCRCP (providing that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) ("[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment.").

Here, as in *Wiegand*, Respondents presented evidence that the completion and execution of the Form complied with section 38-77-350. McNeill testified he wrote the numbers selecting the UIM coverage after discussing the matter with Mr. Phillips and before Mr. Phillips signed the form. In addition, Mr. Phillips signed the acknowledgment section. ANPAC sent the Phillipses a renewal declaration on February 28, 2014, which showed the UIM limits as $25,000/50,000. There is no evidence the Phillipses objected to this declaration. As Respondents met their initial burden of showing proper completion and execution of the Form, the Phillipses had to come forward with specific facts showing there was a genuine

issue of fact remaining. *See Peterson v. W. Am. Ins. Co.*, 336 S.C. 89, 94, 518 S.E.2d 608, 610 (Ct. App. 1999) ("Under Rule 56(c), SCRCP, the party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact."); *id.* ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings. Rather, the non-moving party must come forward with specific facts showing there is a genuine issue for trial.").

Although Mr. Phillips initially testified the other handwriting on the Form was not there when he signed, he later testified that he did not remember if the information in the box for UIM coverage was there when he signed the Form. Therefore, the Phillipses presented only speculation that the handwritten numbers were not there when Mr. Phillips signed. *See Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 390, 701 S.E.2d 776, 780 (Ct. App. 2010) (stating "a non-moving party may not rely on speculation to defeat a motion for summary judgment"). In addition, McNeill's disregard of instructions on the Form that provided, "This section is not to be marked by anyone other than the applicant/insured," would not deprive Respondents of the statutory presumption, as the current version of section 38-77-350 permits the insurer to complete the Form on behalf of the insured. Finally, we disagree with the Phillipses' contention that McNeill's testimony about having his secretary fill in the blanks for names and addresses on a different form created a genuine issue of material fact as to whether the markings on the UIM selection were made before or after Mr. Phillips signed the Form. The information the secretary wrote on the other form was prepopulated, and thus, typed on this Form. There is no evidence in the record McNeill had his secretary complete any information on this Form.

We find the Phillipses presented no evidence that would create a genuine issue of material fact necessary to survive a motion for summary judgment. Accordingly, we hold the trial court did not err in granting summary judgment to Respondents.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.